The Gulf, Colorado & Santa Fe Railway Company
v. W. L. Kizziah.

No. 34.

**1. Master and Servant.**
The negligence of a fellow servant will not relieve the master from liability arising concurrently from unsuitable machinery furnished, or from machinery operated by servants ignorant of the latent dangers in handling such machinery ........................................ 86

**2. Charge—Care by Employe.**
See charges approved touching the duty of servant in self-protection in using safe machinery ........................................ ........ 87

**3. Findings of Fact by Court of Civil Appeals.**

The findings of fact made by the Court of Civil Appeals can not be re-
vised on writ of error by Supreme Court...... ....................  87

**4. Same—Conclusions Upon Facts Found may be Revised.**

Upon an issue there is no finding by the Court of Civil Appeals in its
conclusions of fact, but in its conclusions of law the testimony was set
out upon which a conclusion was drawn. This court can revise the
conclusions upon such facts, and in this case reaches a different con-
clusion from that of the Court of Civil Appeals. See example .......  88

**5. Same.**

Negligence against a railway company is not presumed from the proof
of a condition of facts, and that injury followed, without something
to connect the facts as causing the injury. The injury alone does not
necessarily prove its connection as effect of the preceding facts......  88

**6. Inspector of Cars, Duty of.**

An employe sued a railway company for damages alleged to have been
sustained by plaintiff from defective air brakes in use on the road.
The defendant pleaded that the plaintiff was a car inspector, and
charged with that duty. There was testimony tending to support the
allegations. *Held*, that the court erred in refusing to instruct the jury
that if the plaintiff, by his employment, was charged with that duty,
then he could not recover for injuries suffered on account of defects
that he might have discovered ...... ....... ....................  89

**7. Risks Assumed by Employe.**

The court having charged the jury, that when the plaintiff entered the
service of the railway company he under the law assumed all the risks
*necessarily* incident to the business which he had undertaken to per-
form, it was error to refuse an instruction that the plaintiff by enter-
ing the employment had assumed such as *commonly* attended such work.
The risks assumed are such as commonly attend the work, not such as
necessarily attend it.............................................  90

**8. Impeaching Witness—Conflicting Statements.**

It is incompetent to admit testimony to conflicting statements made by
a witness upon a collateral and immaterial issue, for purpose of im-
peaching him. See example ...................... ..................  92

Error to Court of Civil Appeals for Third District, in an appeal from
Johnson County.

*J. W. Terry*, for plaintiff in error, cited: Railway v. Scott, 20 S. W.
Rep., 725; Railway v. Barrager, 14 S. W. Rep., 242; Railway v. Thomas,
42 Ala., 672; Railway v. Allen, 78 Ala., 494; Railway v. Housk, 72 Ill.,
285; Railway v. Stewart, 13 Lea (Tenn.), 432; Railway v. Mallory, 31
Am. and Eng. Ry. Cases, 352; Mitchell v. Railway, 12 Am. and Eng.
Ry. Cases, 163; Railway v. Wells, 81 Texas, 685; Railway v. Johnson,
19 S. W. Rep., 151; Railway v. Williams, 18 S. W. Rep., 700; Railway
v. Hoffman, 18 S. W. Rep., 741; Railway v. King, 80 Texas, 681; Went-
worth v. Crawford, 11 Texas, 132; Layne v. Bryant, 9 Gray, 245; Stev-

ens v. The State, 7 Texas Cr. App., 38; Railway v. Hanks, 15 S. W. Rep., 476; Railway v. Robinson, 73 Texas, 277; Baker v. Ashe, 80 Texas, 356.

*Poindexter & Padelford*, for defendant in error, contended:

1. That the main grounds relied upon were not made by plaintiff in error in the Court of Civil Appeals. Rules 29–32 of Rules Sup. Ct.; Chappell v. Railway, 75 Texas, 82; Railway v. Johnson, 15 S. W. Rep., 105; Rev. Stats., art. 1037.

2. There was evidence tending to show that the air brakes were defective. Railway v. Robertson, 82 Texas, 661; Parker v. Chancellor, 78 Texas, 528.

3. The admission of Myers' testimony was not error. Whart. on Ev., 20, 21, 259; Railway v. Hinzie, 82 Texas, 623; Railway v. Herrick, 29 N. E. Rep., 1053.

BROWN, Associate Justice.—The appellee sued the appellant in the District Court of Johnson County, to recover of it damages for injuries alleged to have been received by him while in its employ at Cleburne, in that county. The petition alleges, in substance, that appellee was employed by the examiner and repairer of cars at said station, and that it was the duty of appellee and one Renfro to make such repairs upon cars, when needed, as could be made without sending them to the round house. That on the 2nd day of November, 1888, a train of cars came into Cleburne on the appellant's road, consisting of two coaches and a baggage car, and that the said coaches and cars were placed on a spur track for the purpose of having repairs made to the drawhead of the baggage car, the repairs being slight and such as could be made on the track. That for the purpose of enabling the persons making the repairs to get conveniently at the drawhead to be repaired, the coaches and baggage car were detached from each other and separated a distance of about eight feet, and that before the engine was detached the air brakes were set upon the car and coaches to hold them stationary upon the track. He alleged, that he and Renfro, in discharge of their duty, went to the baggage car to make the needed repair, and that while performing his duty in assisting the said Renfro, it was necessary for him to stand upon the track between the coaches and the baggage car, with his body against or in front of the drawhead of the baggage car, with his back toward the coaches; that while he was engaged assisting Renfro in said work, the coaches rolled down the track toward and against the baggage car, and caught the body of appellee between the drawhead of the coach and the drawhead of the baggage car, crushing and wounding his body and limbs, thereby inflicting serious and permanent injuries.

Appellee seeks to recover of the appellant upon two distinct grounds:

First. He alleges that the air brakes upon the passenger coaches were defective and insufficient to hold the coaches stationary upon the track where they were placed, although the track was nearly level; and that by reason of such defect, the said coaches were caused to roll along said track against the appellee while he was at his work, thereby causing the injury. It is alleged that plaintiff was ignorant of the defects in the brakes, and could not have discovered them by due care on his part, and that defendant knew of the defect, or might have known of it by the use of ordinary care.

Second. The petition alleges, that plaintiff was inexperienced in the business for which he was employed by the defendant; that the work was dangerous, and that he was ignorant of the dangers attending it. It is alleged, that the defendant knew that plaintiff was inexperienced in that kind of work and was ignorant of the dangers attending it, and also knew of the dangerous character of the work, but failed to inform the plaintiff of the danger or to instruct him in his duties while engaged therein; and that if he had known that it was dangerous to go between the cars while they were secured by the air brakes alone, and that said brakes were insufficient to hold them securely, he would not have exposed himself to that danger. He avers that his injuries were occasioned by the running of the cars upon him while engaged in his work, and that it was a danger attending the work which was *latent* in its character and unknown to him, and of which he was not informed by defendant.

The petition contained other allegations unnecessary to present these issues.

The appellant, among other things, pleaded a general denial, and that it was the duty of the plaintiff to inspect the air brakes on said cars, and if he had performed his duty he could have discovered such defect, if any; and also that the air brakes were sound and safe for the uses to which they were to be applied, and that it was not intended that they should be relied upon to hold the cars on the track while awaiting repairs, and that it was the duty of plaintiff and Renfro to set the hand brakes on the coaches so as to secure them, or to scotch the wheels for that purpose, and if they had performed that duty plaintiff would not have been injured.

The case was tried before a jury, and a general verdict rendered for the plaintiff. Defendant appealed to the Supreme Court, and upon the organization of the Court of Civil Appeals the case was transferred to that court, which affirmed the judgment of the District Court. Motion for rehearing was overruled, and the appellant has removed the case to this court by writ of error.

Appellant presents to this court seven grounds for reversing the judgment of the Court of Civil Appeals, three of which we do not think are well taken, and which we first consider. They are as follows:

"First. The Court of Civil Appeals erred in failing to sustain the

twenty-second, twenty-third, twenty-fourth, and twenty-fifth assignments of error, which are as follows:

"22. The verdict of the jury is contrary to the law as given in charge to the jury by the court, in this, the court tells the jury that if plaintiff's injury resulted from the negligence of plaintiff or his fellow servant, Renfro, then they would find for defendant; and under the evidence, the finding of the jury was against the law as thus given in charge to the jury.

"23. That the verdict of the jury is contrary to the law in this, that the evidence shows that plaintiff's injury resulted from his own and from the negligence of C. L. Renfro, and that the latter was a fellow servant of plaintiff, in the employ of defendant at time plaintiff was injured, or from the negligence of plaintiff's coemploye, the switchman or brakeman who left the cars without setting the hand brakes; and under the law, therefore, plaintiff could not recover in this case.

"24. That the verdict of the jury is contrary to the evidence, and is unsupported by the evidence, for the whole evidence in the case shows by a great preponderance thereof, that plaintiff's injury, if any, resulted from the negligence of plaintiff, or of C. L. Renfro, or both, and that C. L. Renfro and plaintiff were fellow servants; and that the air brakes were not defective; and that the injury to plaintiff resulted from the failure of plaintiff and Renfro, one or both, to properly secure the cars which injured plaintiff before attempting to repair the same; and that plaintiff's injury was caused by no act of negligence on the part of defendant.

"25. That the verdict of the jury was contrary to the additional charge given to the jury, at their request, filed in this cause on the 19th day of December, 1889, for in said additional charge the court tells the jury that if the plaintiff's injury was caused by the negligence of Renfro, and that if Renfro and plaintiff were fellow servants, as therein defined, then they would find for defendant."

The right of recovery in this case rests upon the negligence of appellant in two particulars; first, in furnishing defective machinery to the appellee with which to perform his services; second, in not informing the appellee of the existence of a danger that existed in the performance of his duties, of which the appellee was ignorant, he being inexperienced in the work to be performed, the appellant being informed of the danger and of the inexperience of appellee and of his ignorance of the alleged danger.

If appellant furnished defective machinery to the appellee with which to perform the services for which he was employed, and of which defect the appellee was ignorant, and he was injured thereby, without fault on his part, the appellant would not be excused from liability for such injury by reason of the fact that an employe, a fellow servant of appellee, was guilty of negligence which contributed to the injury. Railway v. Kirk, 62 Texas, 227; Railway v. Whitmore, 58 Texas, 276.

If there was a latent danger in the work, of which appellee had no notice,

and he was inexperienced in the work and ignorant of the danger, which was known to appellant, and the appellee was injured by such latent danger, the appellant would not be excused from liability because one of its servants, a fellow servant of appellee, was guilty of negligence in failing to perform an act which would have prevented the injury.   Jones v. Mining Co., 66 Wis., 268, reported in 57 Am. Rep., 269.   The concurring negligence of the fellow servant will not excuse the negligence of the master in such cases.   The Court of Civil Appeals has found the facts for the appellee as to his being ignorant of the danger and inexperienced, that appellant knew of the danger, and that appellee did not know of it. We can not say that the verdict of the jury was contrary to the law under such state of facts.

" Second.   The Court of Civil Appeals erred in failing to sustain the tenth and eleventh assignments of error, and in failing to reverse the judgment in this cause on account of the refusal of the court below to give the charges recited in the said assignments, which are as follows:

" 10.   That the court erred in not giving in charge to the jury special charge number 1, asked by defendant, which is as follows: ' The defendant asks the court to charge the jury, that a railway company is not liable for damages caused by injury to one of its employes which resulted from the negligence of another employe of such company, unless it be made to appear that proper care was not used in selecting such other employe, or that he being incompetent or negligent, that fact was known to the company.'

" 11.   That the court erred in refusing to instruct the jury as requested by defendant in its special charge number 2, which is as follows:   ' You are instructed that if you believe from the evidence that the injury which plaintiff has sustained, if any, resulted from the negligence of Renfro, and that C. L. Renfro was a coemploye of plaintiff, and engaged in the same department of common service, used the air brakes for a purpose and in a manner not designed in their use by the defendant company, but which would have been perfectly safe if properly used in work for which it was designed, you will find for the defendant, unless it appears from the evidence that proper care was not used in the selection and employment of said Renfro by defendant, or that he being incompetent or negligent, that fact was known to the defendant.' "

There was no error in refusing the charges quoted above, because, in so far as they were applicable to the facts of the case, they were substantially embraced in the charge of the court given at the request of the jury, and in the fourth clause of the general charge of the court.   The fourth clause of the general charge given by the court is as follows:   " If you believe from the evidence that there were no defects in the air brakes, as the petition charges that there were, but that the plaintiff assumed that said air brakes were sufficient to hold the cars from moving, and that

plaintiff thereby failed to take any further steps to secure himself from danger, and that he thereby suffered the injury as alleged in the petition, then you will find for the defendant; or if you find from the evidence that it was the duty of the plaintiff and his coemploye, Renfro, to see that the cars under their control, while repairing or inspecting the same, were secured and prevented from moving by means of the hand brakes, or by scotching the same by other means, and shall further believe that said Renfro and plaintiff failed to perform said duty, and that by means of such failure on their part, or on the part of either of them, plaintiff thereby suffered injury, then you will find for the defendant, and so say by your verdict.''

The charge given by the court at the request of the jury is as follows: '' The court, in compliance with your request, instructs you, that if you believe from the evidence that Renfro and plaintiff were fellow servants, that is, engaged in the same kind of work, and if it was the duty of said Renfro to see that the cars under their inspection and upon which they were at work were fastened either by the hand brake or by scotching the same in some other way so as to prevent the same from moving, and if they or either of them failed to perform that duty, and plaintiff was injured by reason of such failure, then he can not recover in this suit; but this instruction is to be considered in connection with the whole charge herein before given by the court.''

There was no evidence that Renfro used the brakes in any way, except to permit the cars to remain secured by the air brakes, and in failing to set the hand brake or to scotch with something else. The two charges given, as quoted above, present the propositions of the negligence of a fellow servant and the failure to secure the cars by hand brake or otherwise as the evidence demanded, and are free from the objectionable qualification as to the incompetency of Renfro, contained in the charge refused, of which there was neither allegation nor evidence.

'' Sixth. The Court of Civil Appeals erred in failing to sustain the twentieth assignment of errors, and in holding that the court below did not err in charging the jury as set forth in said assignment.'' We deem it unnecessary to copy this assignment. The proposition under it is, that there was no evidence that the plaintiff was ignorant of the dangers of the employment, and inexperienced, and that defendant knew that he was so inexperienced. The Court of Civil Appeals found that plaintiff was inexperienced and ignorant of the dangers of the employment, and that defendant knew these facts. There is no error in this that this court can revise.

The appellant also presents the following grounds for reversal of the judgment of the Court of Civil Appeals:

'' Third. The Court of Civil Appeals erred in failing to sustain the nineteenth assignment of error, and in holding that the court below did

not err in charging the jury as set forth in said assignment, which is as follows:

" That the court erred in the first paragraph of the charge, which is as follows: ' If you believe from the evidence that the plaintiff was, on the 2nd day of November, 1888, in the employ of the Gulf, Colorado & Santa Fe Railway Company as one of its agents, whose duty it was to inspect the cars, etc., of the defendant, make slight repairs on the coaches, engines, trains, etc., of the defendant, when same could be done at the depot, and that while in the discharge of his duties as such employe he was injured as alleged .in the petition by the car of defendant, and that said injury was caused by defective air brakes upon the car causing the injury; and shall believe further, that plaintiff did not know of such defective air brakes, if any, and could not have known the same by use of such diligence as a person of ordinary prudence would have used under like circumstances; and shall further believe that the plaintiff did not cause said injury by his own negligence in failing to exercise such caution as a man of ordinary prudence would have used under like circumstances, then you will find for defendant.' "

The proposition under this assignment is as follows:     " There was no evidence before the jury that the air brakes were in any respect defective. It is a reversible error for the court to charge upon an issue in support of which there is no evidence, as it creates in the minds of the jury an impression that, in the opinion of the court, there is sufficient evidence to warrant a finding upon such issue."

The Court of Civil Appeals made no finding upon this issue in its conclusions of fact, but in the conclusions of law occurs this statement: " It is contended that there was no evidence that the air brakes were in any respect defective.     The evidence bearing upon that issue was, in our opinion, extremely meagre.     There were, however, circumstances indicating that the air brakes were defective.     These circumstances consist mainly in the fact that they were not sufficient to hold the detached cars, though the latter were on ground apparently level, or nearly so, and that the air brake holding the baggage car, on which the work was being done, was sufficient to keep it stationary."     These circumstances establish only the fact that the cars moved, but do not prove the cause of their moving. They constitute proof that the air brakes did not hold the cars on that occasion, but do not prove that this was caused by a defect in the brakes, which may have been imperfectly set, or from other causes may have failed on this occasion.

In case of Houston & Texas Central Railway Company v. Barrager, 14 Southwestern Reporter, 242, Justice Gaines, in delivering the opinion of the court, said:   " To say that the burden is upon the servant to show negligence upon the part of the master when he seeks to recover damages for injuries resulting from defective machinery, is but to announce the

elementary proposition that the plaintiff must prove his case; and we are of the opinion that negligence on the part of the railway company is not to be inferred from the mere fact that a drawhead has become detached from the operation of the moving train.   Railway v. Thomas, 42 Ala., 672.''

The District Court erred in submitting to the jury the issue of defective brakes, on the state of the evidence, and the Court of Civil Appeals should have reversed the judgment for that error.   Box v. Ward, 65 Texas, 160; Lee v. Yandell, 69 Texas, 34.

The fourth ground set up in the petition for error is as follows: '' The Court of Civil Appeals erred in failing to sustain the thirteenth assignment of error, and in holding that there was no error in the refusal of the court to give the charge recited in said assignment, which said assignment is as follows:

'' That the court erred in refusing to instruct the jury as requested in defendant's special charge number 4, which is as follows:  ' In this case you are instructed, that if you believe from the evidence that plaintiff was injured as alleged in his petition, and that when so injured he was in the employ of the defendant as car inspector and repairer, as alleged in his petition, and that it was a part of his duty as such to inspect the air brakes and wheels, etc., on all cars arriving in Cleburne, Texas, and to repair the same, or, together with one C. L. Renfro, to make such slight repairs as he and the said Renfro could make on same without sending the same to the round house or repair shop of defendant; and if you believe the cars or coaches between which plaintiff was injured arrived in Cleburne on the evening of the alleged injury, and that it was the duty of plaintiff, or the plaintiff and C. L. Renfro, to inspect the air brakes on same, and that it was a part of their duty so to do, then you will not further consider any of the evidence in this case as to whether said air brake was defective or not; and if you so believe, you will find for the defendant, and so say by your verdict.' ''

There was a distinct issue made by the evidence as to whether or not it was the duty of plaintiff to inspect the cars and brakes, and the court should have given the charge, or some charge on that subject.   If it was the duty of the plaintiff to inspect the brakes, then he could not recover on account of defects that he might have discovered by such inspection. The charge as asked was perhaps not as full as it should have been, in this, that it did not limit it to such defects as he, the plaintiff, might have discovered, but it was sufficient in the state of the case to call the attention of the court to a necessity for such a charge.

The fifth ground of error assigned by the plaintiff in error in this court is as follows: '' The Court of Civil Appeals erred in failing to sustain the eighteenth assignment of error, and in holding that the court below did

not err in refusing to give the charge recited in the said assignment, which assignment is as follows:

"That the court erred in refusing to charge the jury as requested by defendant in special charge number 9, which is as follows: 'That when the plaintiff accepted the position of defendant in which he was working at the time he was injured, he assumed the risk ordinarily incident to the particular position, and that he also assumed that he had the capacity to understand the nature and extent of the service and the ability to perform it; and if you find from the evidence that plaintiff was injured without the risk being increased after he had accepted the position he was in at the time he was injured, you will find for the defendant.'"

The charge asked by appellant contained a correct statement of the law as applicable to the facts of the case. Railway v. Callbreath, 66 Texas, 528. That part of the charge asked which referred to increase of risk was upon a point not in issue, but would not probably have affected plaintiff injuriously.

The court had in the general charge instructed the jury as follows: "But the court further instructs you, that when the plaintiff entered the service of the defendant, he under the law assumed all the risks *necessarily* incident to the business which he had undertaken to perform, and if you believe that plaintiff was injured while in the employ of defendant, and that such injury was not the result of negligence on the part of the defendant as the immediate proximate cause of such injury, but was the danger appertaining to the business which plaintiff had undertaken to discharge, then you will find for the defendant." The effect of this charge was to inform the jury, that in order to exempt the defendant from liability to the plaintiff for his injury, such injury must have been occasioned by a danger *necessarily* incident to the performance of the duty undertaken by plaintiff. This restricted the risks which the plaintiff assumed to those which *always* attend the performance of the work; whereas the law is, that he assumed such as *commonly* attend such work. In view of the charge given, and the fact that the testimony tended to show that the danger was one common to the employment, but not necessarily attending it, the charge asked, or one embodying the main point in it, was important to the proper determination of the liability of the defendant, and should have been given. The refusal was an error that may have caused serious detriment to appellant's rights.

The seventh ground assigned by appellant in this court is as follows:

"The Court of Civil Appeals erred in failing to sustain the ninth assignment of errors, and in holding that the court below did not err in admitting the testimony of C. V. Myers, referred to in said assignment and set forth in bill of exceptions number 7, which assignment is as follows: 'That the court erred in allowing the witness for plaintiff, C. V. Myers,

to testify, as is shown by defendant's· bill of exception number 7, and for the reasons therein set out.' ''

The witness Renfro had been introduced by the defendant, and upon cross-examination by plaintiff, testified as follows:   '' It is not true that at Kizziah's house, two or three nights after plaintiff was hurt, in the presence of Paddleford, Myers, Golden, and Mr. and Mrs. Kizziah, that either I or Golden said the railway was going to beat Kizziah's case for damages, because he had not complied with the rule that required the setting of the hand brakes, and I then said I had not seen the rules, and that I did not know that it was the rule that the hand brakes should be set; and that Kizziah spoke right up then and there, and said he had demanded of Mr. Baker the rules three times; and plaintiff did not then and there ask me if I had not, a few evenings before that, asked him (plaintiff) to get a copy of the rules for me, and that I answered him, yes.   Well, I have no idea on earth that it is so, sir, because I did not feel like I needed them.   I don't remember whether the time card was mentioned at the plaintiff's house or not.''

The plaintiff then introduced the witness Myers, by whom he sought to impeach Renfro, and the appellant's bill of exceptions taken to the testimony of Myers, being number 7, is in substance as follows:

''That while C. V. Myers was on the stand he was asked the question, 'Did not Kizziah, there at his house, a few nights after he was hurt, in the presence of Golden, Paddleford, C. V. Myers, C. L. Renfro, and Mrs. Kizziah, state that he had demanded these rules three times of Mr. Baker, and referred to Mr. Renfro there, and say once, '' a few nights before I went and demanded; and before I left you, you asked me to get you one too ?'' '   To which question the defendant, by counsel, objected, because the same is irrelevant and immaterial, and inadmissible for any purpose on earth in this cause; is not binding upon the defendant, and does not contradict the witness, because he did not deny it, and because it was an indirect way of getting hearsay testimony before the jury, and of allowing plaintiff to manufacture his own testimony, and inject into the jury, and could serve no other purpose.   Which objections were by the court then and there overruled, and defendant duly accepted, and the witness was permitted to answer as follows: ' Mr. Kizziah had stated that he had applied for the rules two or three times (I don't remember how many times); and he also stated that Mr. Renfro asked him to get the rules for him from Mr. Baker; and Mr. Renfro was there at the time, sitting in the room.   We were discussing the rules about this rule.   I think Golden brought up the subject of the railway company about the brake, in some way.   I think Renfro admitted the truth of what Kizziah said.   He did not deny it.   Renfro was there, and it was either Kizziah or Renfro, one, that made the remark, that Kizziah had asked Mr. Baker for the rules for Renfro.   Whether it was Kizziah said it, or Renfro, I do not know.'   To

all of which answers the defendant, by counsel, then and there objected, and moved the court to exclude, because the same was irrelevant and immaterial, and not admissible for any purpose; urging the same objections to the answer that were previously urged to the question. Which said objections and motion were overruled, and the defendant excepted."

In passing upon this assignment, the Court of Civil Appeals said: "The testimony of C. V. Myers, complained of in appellant's ninth assignment of error, was, in our opinion, properly admitted. It was solely for the purpose of impeaching the witness Renfro, who had been previously interrogated upon the same subject matter, and who had denied the statement about which the witness Myers was called to testify. The testimony complained of referred to the material issue in the case, namely, whether or not the plaintiff had demanded of the foreman, Baker, the rules and regulations of the defendant."

We need not cite authority for the proposition, that a witness can not be impeached by asking him on cross-examination as to declarations made out of court on a collateral and immaterial matter, and then proving that he made the declarations denied by him. Was the matter about which he made the alleged declarations material in the trial of this case? We think not. The points of contradiction were, that Kizziah had said, after he received the injuries, in the presence of Renfro and others, that he had applied to Foreman Baker for a copy of the rules of the defendant, and that Renfro had asked Kizziah to get a copy for him. If Kizziah made the statement as stated by Myers, it was ex parte, hearsay evidence, and made in his own interest, and therefore not admissible as evidence for him. Likewise, if Renfro asked Kizziah at the time to get a copy of the rules for him, it would be wholly immaterial to the issue being tried; and a declaration of Renfro that he had previously made the request would not be less objectionable. It was an issue before the jury as to whether or not plaintiff had made a demand or request for the rules; this was an important issue. This evidence ought not to have had any bearing upon that issue in any event; but considering the conflict in the evidence, we doubt not that it may have had considerable weight with the jury in their determination of that matter. That testimony was not admissible in any phase of the case nor for any purpose; it may have been, and probably was, considered by the jury as corroborating plaintiff. We therefore believe that the court should not have admitted the evidence, and that the Court of Civil Appeals should have sustained the assignment.

For the errors committed by the District Court as before stated, the Court of Civil Appeals should have reversed the judgment and remanded the cause.

It is ordered, that the judgment of the Court of Civil Appeals and of the District Court be reversed and this cause be remanded to the District

Court for further trial, and that the appellant recover of the appellee all costs of the Court of Civil Appeals and of this court.

*Reversed and remanded.*

Delivered October 19, 1893.