Missouri, Kansas & Texas Railway Company of Texas v.
William Hannig.

Decided April 6, 1899.

1. **Master and Servant—Concurring Negligence of Foreman.**

An employe injured while aiding in unloading a car may recover therefor, although the negligence of a fellow servant contributed in causing the accident, where the negligence of the foreman who was assisting in the work was a concurrent cause of the injury.

2. **Damages—Personal Injury.**

Injury to eyesight sustained by an employe as a resulting consequence of a rupture caused through the employer's negligence is a proper element of damage.

Appeal from Clay. Tried below before Hon. Geo. E. Miller.

*Eldridge & Gardner,* for appellant.

*L. C. Barrett, A. K. Swan, J. A. Templeton,* and *F. J. Barrett,* for appellee.

Hunter, Associate Justice.—This is a suit brought by Willam Hannig against the Missouri, Kansas & Texas Railway Company of Texas to recover damages for injuries alleged to have been received on March 18, 1896, while unloading a switch point out of one of defendant's cars at Jolly Station, in Clay County, Texas, caused by the weight of said switch point falling on plaintiff, on account of the alleged negligence of defendant's section foreman, William Newman, in failing to assist plaintiff to hold up one end of said switch point, as he induced him to believe he would, producing rupture in the groin, known as inguinal hernia, and for injury to plaintiff's eyes caused by said rupture and by the strain produced upon his eyes by the weight of the switch point.

Defendant excepted to plaintiff's petition, pleaded not guilty, and specially, that if plaintiff was injured, the same was caused by negligence of J. K. Dean and Henry Bachman, plaintiff's fellow servants, assumption of risk, and contributory negligence.

The case was tried at the March term, 1898, of the District Court of Clay County, and a verdict and judgment rendered for plaintiff for $2000.

The record discloses the following facts:

William Newman was appellant's section foreman, with power to employ and discharge section hands. Appellee was a section hand working under him. Newman, appellee, and two other section hands were engaged in unloading switch points from a box car on March 18, 1896, at Jolly, in Clay County, Texas. A switch point is about sixteen feet long, and weighs about 550 pounds. The unloading was done by first shoving the little end of the switch point out of the car door until it rested on the ground, with the big end lying on the sill of the car door. Two of the

men then took their positions at the little end as it lay on the ground. Appellee and the foreman took their positions on either side of the big end as it lay on the sill of the car door. The foreman would then say "hold," and the men would lift up the little end, while appellee and Newman would take hold of the big end as it slided out of the door, and all would bear it away a few feet and throw it on the ground.

Three points had been unloaded in this way. It required four men to lift and carry these points. The foreman gave the word "hold," when all took hold and lifted but himself, and when the little end was lifted from the ground the big end slided off the car door sill, and Newman failing to take hold as quickly as he should, and as appellee supposed he would, the entire weight of the big end of the point came upon him, and, while he held it until Newman caught hold, the weight was so great as to produce a rupture, or as the doctor calls it, an inguinal hernia. It also, as the evidence tends to show, caused his eyeballs to temporarily protrude, and injured his eyesight, which, on account of his other injury, has become worse until one eye is lost and the sight of the other seriously affected.

The jury gave a verdict for $2000, which the evidence is sufficient to support.

The only points which we consider of sufficient importance to discuss arise on the charge of the court on the liability of appellant, and on the refusal of a special charge asked by appellant excluding all damages for injury to the eyes, because too remote.

The charge complained of, which was given at the request of appellee, is as follows: "J. K. Dean and Henry Bachman, on the 18th day of March, 1896, were fellow servants of plaintiff, and if the jury find that plaintiff was injured in lifting one end of a switch point on that day and date from one of defendant's cars, and such injury, if any, was caused by the concurring negligence of said fellow servants and William Newman, without contributory negligence on the part of plaintiff, then the defendant would be liable to plaintiff for any proximate resultant damages he has sustained, if any, by reason of such negligence on the part of defendant."

We think this charge was properly given. If it can be said that the action of Dean and Bachman in lifting when they saw that Newman did not have hold, and in allowing the point to slide out of the door onto appellee, was negligence of fellow servants, yet the evidence is undisputed that when Newman, the boss, gave the order to lift up he failed to take hold, as he had done in unloading the other points, and thus negligently allowed the whole weight of the end to fall upon appellee alone. And if the negligence of Newman, the boss, and that of Dean and Bachman, fellow servants, combined to produce the injury, that is, if the negligence of each had a share in producing the injury, the defendant would be liable. Railway v. Cummings, 106 U. S., 700.

The other question arises on the charge of the court which allowed a recovery for injury to the appellee's eyes, and in refusing to give a special

charge that such injury and damage were too remote. The doctor's evidence on this issue was to the effect that by reason of the rupture appellee became unable to labor and take his usual bodily exercise, and for this reason his system depreciated, and his eyes suffered for want of proper nutrition; but appellee himself testified that he had suffered with his eyes from the day of the injury, and that the weight of the switch point upon him, and his effort to sustain it, caused the injury to his eyes. We think that, under these statements, the court properly submitted the injury to his eyes as an element of damages.

Finding no error in the judgment, it is affirmed.

*Affirmed.*

Writ of error refused.