TEXAS & PACIFIC RAILWAY COMPANY v. J. A. JONES.

Decided December 9, 1909.

**1.—Master and Servant—Negligence—Fellow Servant.**

The servant may recover for injury by the master's negligence although negligence of a fellow servant also contributed to cause it.

**2.—Same—Charge.**

Where recovery was sought for negligence of plaintiff's foreman in selecting an imperfect implement and directing its use in a dangerous way by plaintiff's fellow servant, a charge authorizing recovery if the manner of its use (in striking a shaft to loosen it from a pulley which plaintiff was holding for the purpose) was negligent, would be naturally taken as referring to the negligence of the fellow servant in its use. Such charge was erroneous because it allowed recovery for mere negligence of the fellow servant.

**3.—Assumed Risk—Inspection of Implements.**

The servant was under no obligation to make critical inspection of an implement furnished by his foreman for a specific use, and did not assume the risk of injury from defects therein not obvious, though he may have seen that the foreman made no inspection of it at the time he selected it.

**4.—Dangerous Work—Direction of Foreman.**

When the manner of doing work directed by the foreman was not so obviously dangerous that a person of ordinary care would have refused to obey his order, the servant does not assume the risk incident to the manner of doing it by complying with the direction to so perform it.

**5.—Release of Damages—Consideration—Re-employment.**

A release of damages by an injured employe on condition of re-employment for no definite time and subject to immediate discharge, there being no other consideration for the release, was without legal consideration, and the court should so instruct, though the employment was continued and wages paid for a period of ten months thereafter.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

Plaintiff, who had received a personal injury in defendant's service, executed a release of damages therefrom, in consideration of re-employ-

ment by defendant for no definite time. Having continued in plaintiff's service some ten months and received in wages over $600, he was discharged, and afterwards brought suit.

*F. H. Prendergast* (*W. L. Hall,* of counsel), for appellant.—The scantling was not furnished by defendant for the use to which it was put, and plaintiff, seeing the foreman select it therefor without inspection, assumed the risk. Armour v. Dumas, 43 Texas Civ. App., 37; Armour v. Hahn, 111 U. S., 313; Durst v. Carnegie Steel Co., 173 Pa. St., 162; Butler v. Townsend, 126 N. Y., 105; 2 Labatt, Master and Servant, secs. 587, 588, 612a.

The release was not without consideration. East Line & R. R. Rd. Co. v. Scott, 72 Texas, 76.

*S. P. Jones,* for appellee.—Plaintiff was justified in obeying the orders of the foreman and did not assume the risk. Howard Oil Co. v. Farmer, 56 Texas, 301; Thompson on Negligence, sec. 4664; Thompson on Negligence, sec. 5383; Railway Company v. Egland, 163 U. S., 93; Retting v. Fifth Avenue Trans. Co., 26 N. Y. Supp., 896; Duerst v. St. Louis Stamping Co. (Mo.), 63 S. W., 830; Hawkins v. Johnson, 105 Ind., 29; Shearman & Redfield on Negligence (5th ed.), secs. 186, 891-892.

The undisputed evidence showed that there was no consideration paid for the release, and therefore same was absolutely void. Rapid Transit Co. v. Smith, 86 S. W., 322; Gulf, C. & S. F. Ry. Co. v. Minter, 38 Texas Civ. App., 8.

LEVY, Associate Justice.—Appellee, who was employed and was working for appellant as a "car-knocker," was ordered to report to and join and constitute a squad of men composed of Woolridge and two others, under their foreman, Burnett, for the purpose of rearranging and installing machinery in the new shops of appellant. Appellee and Woolridge were directed by the foreman, Burnett, to remove a piece of shafting about six or eight feet long and two inches in diameter from a pulley about twenty inches in diameter. The pulley and shafting were lying on the floor of the shop. Appellee alleges that the foreman, in directing the removal of the pulley by himself and Woolridge, specially directed that Woolridge take a large piece of scantling (pointing it out to him) and drive the shafting from the pulley by butting or striking it with the end of the scantling; and specially directed the appellee to hold the pulley while Woolridge drove or butted the shafting with the scantling; and while appellee and Woolridge were engaged in said work, under the direction and supervision of the foreman, and in the manner in which the foreman had directed them to handle or remove the same, and with the scantling that the foreman had directed them to use in removing the same, the scantling split at the end and thereby glanced from the end of the shafting and struck and injured appellee's hand. The negligence is alleged to have consisted in the fact that the particular piece of timber that was being used in striking or butting the shafting was defective and unsafe for the purpose for which it was being used, and

in the manner of removing the pulley—that is, by striking or butting it with the timber while the appellee was required to hold it.

By a special charge given by the court at the instance of appellee, complained of in the ninth assignment, but which we overrule, the jury were authorized to find for appellee if the negligence of appellant, together with the negligence of Woolridge, a fellow servant with appellee, produced the injury. International & G. N. Ry. Co. v. Zapp, 49 S. W., 673; Missouri, K. & T. Ry. Co. v. Hannig, 20 Texas Civ. App., 649, 49 S. W., 116; International & G. N. Ry. Co. v. Bonatz, 48 S. W., 767; Gulf, C. & S. F. Ry. Co. v. Kizziah, 86 Texas, 81, 23 S. W., 578. By the first assignment it is contended that the portion of the court's main charge, in authorizing a recovery for appellee, "or if the manner in which the striking of said shafting was done, was negligent," was error, because as reasonably construed by the jury it authorized a recovery for appellee for the sole and exclusive negligence of Woolridge himself, a fellow servant. Construing the charge as a whole, we think the phrase complained of is reasonably subject to the construction, and would be properly so construed by a jury, that appellee could recover if Woolridge himself did not use the piece of timber properly in butting or striking the shafting. That this construction would reasonably be given the phrase by a jury is apparent when the previous portion of the paragraph is read in its proper connection with the phrase complained of, if "said foreman directed and commanded another employe of defendant to strike an iron or steel shaft on which the pulley was and from which they were trying to remove the same, and that said foreman directed said employe to strike said shaft with a scantling or piece of wooden timber, and that said employe struck said shafting with same, . . . and you further believe that said piece of wood was defective, or that the manner in which the striking of said shafting was done was negligent," etc. The word "manner," as used in the charge, we think, would be reasonably referred to the way the actual lick, or hit, or butting was done by Woolridge, and not, as appellee contends, to the method adopted by the foreman of effecting the removal of the pulley. If it should be said, and we think so, that the jury, considered from their standpoint, would reasonably and properly have construed and concluded from the instruction that appellee was entitled to recover for the particular unskillful or improper way in which Woolridge himself struck the shafting, then it must be held, we think, that the charge was affirmatively erroneous in the case, as allowing a recovery for the sole act of a fellow servant. Considering the special charge in the ninth assignment with the main charge here complained of, the jury could properly and would have understood that the court meant by the two instructions taken together that the appellant was liable to appellee either for the sole negligence of Woolridge himself in the use of the timber in striking the shafting, or for the negligence of appellant's foreman in providing a defective instrumentality for such use concurring with the negligence of Woolridge himself. "A charge must be viewed from the standpoint of a jury, and considered with reference to the *probable* effect of the charge as a whole, upon the minds of a jury desirous of obeying the instructions of a court." Western

U. Tel. Co. v. Motley, 87 Texas, 38, 27 S. W., 52. It is a settled rule in this State that a charge upon an issue not plead, and for which there could not legally be a recovery, is cause for reversal. The erroneous charge is presumed to be injurious. Taylor, B. & H. Ry. Co. v. Warner, 88 Texas, 648, 32 S. W., 868; Gulf, C. & S. F. Ry. Co. v. Johnson, 91 Texas, 574, 44 S. W., 1067.

If the main charge allowed a recovery for the negligence of Woolridge himself, a fellow servant, then to have given the special charge asked by appellant, for the refusal to give which error is assigned in the fourth assignment, telling the jury that appellee could not recover for the sole negligence of Woolridge himself would have been contradictory of the main charge and irreconcilable by the jury.

We have carefully considered all the other assignments, and are of the opinion that they should be overruled. We do not construe appellant's answer as defending on the ground of assumed risk. It could not be held, we think, that assumed risk appeared, as a matter of law, from the testimony offered by appellee; and the court in its ruling in this respect did not err. Appellee was under no legal obligation to make a previous critical examination of the piece of wood directed to be used in butting or striking the shafting; and though he might have seen that appellant's foreman did not make a critical examination of the same to see that it was reasonably safe for use, the appellant would not be relieved of liability in this case arising from such failure of the foreman, nor would appellee, as a matter of law, be held to have assumed the risk of its use by reason alone of the foreman's failure to inspect, unless it appears, which it does not in the record, that the defect in the piece of wood was known to appellee at the time, or was so open and obvious as he ordinarily could see and know it was unsafe or defective. A servant does not assume the risk arising from the master's negligence in failing to discharge the duty it owes him, but only the risks of which he actually knew at the time or of which he would learn by the exercise of the ordinary care which a reasonably prudent person would use in the same circumstances. Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72, 33 S. W., 334; Drake v. San Antonio & A. P. Ry. Co., 99 Texas, 240, 89 S. W., 407. It could not be said, we think, as a matter of law, that the particular method directed to be used by the foreman, in butting the shafting with a piece of wood while appellee held the pulley, was so obviously dangerous and hazardous as to charge appellee with knowledge, actual or constructive, of the danger of the method; nor could we say that the evidence of appellee established, as a matter of law, that appellee was informed or knew and appreciated the danger of the method, if the method was dangerous.

In the evidence in the record the court did not err in peremptorily instructing the jury that the releases in evidence were without consideration.

For the error indicated the judgment was ordered reversed and remanded.

*Reversed and remanded.*