### TEXAS & PACIFIC RAILWAY COMPANY v. J. A. JONES.

Decided January 5, 1911.

**1.—Contract—Consideration—Release of Damages.**

A release of a claim for damages which recites as its sole consideration the payment of one dollar, nothing being in fact paid or promised, is invalid for want of consideration.

**2.—Charge.** ·

Special charges asked upon issues fully and correctly submitted by the instructions given were properly refused.

**3.—Master and Servant—Concurring Negligence.**

The master was liable for injury to a servant where the negligence of his foreman, in directing work to be performed in a dangerous manner and with a defective implement selected and ordered used by the foreman, combined with negligence of a fellow servant to cause the injury.

**4.—Master and Servant—Negligence of Foreman—Case Stated.**

Plaintiff, a car repairer, was directed by his foreman to hold a pulley between his hands while a fellow servant, with a piece of scantling furnished by the foreman, struck upon the end of an iron shaft which had become wedged in the pulley, in order to dislodge it. The scantling was defective; the end split and passed the end of the shaft, striking and injuring plaintiff's hand. Held that the facts supported a finding of negligence by the foreman for which defendant was liable, though negligence of the fellow servant concurred with it in causing the injury.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*F. H. Prendergast* and *W. L. Hall*, for appellant.—This release is shown to have been executed on the consideration that plaintiff would not be discharged, but would be allowed to work for the defendant at the same wages he obtained before he was injured, and that he did work for said wages from April 1, 1907, to some time in March, 1908. Then plaintiff is bound by such release, and he can not recover. East Line R. R. v. Scott, 70 Texas, 76; Addison on Contracts, side page 11; Taber v. Dallas County, 101 Texas, 249-250.

When Woolery procured the piece of timber he and plaintiff both knew that Burnett, the foreman, had not inspected it; then the plaintiff

assumed the risk of being injured by the use of the piece of timber.
Murphy v. Boston, etc., Ry., 8 Am. & Eng. R. R. Cas., 510; Berschel
v. Chicago & M. Ry., 62 Wis., 338; McKinney on Fel. Serv., sec. 27;
Peck v. Peck, 99 Texas, 14; Dresser, Employer's Liability, 535.

It does not appear that Jones was directed to hold the pulley in any
particular manner. So Jones assumed the risk of being injured from
the manner he held the pulley. H. & T. C. Ry. v. Conrad, 62 Texas, 628.

*S. P. Jones,* for appellee.—Under the undisputed evidence in this
case the releases were absolutely void and could be considered for no
purpose. Railway Co. v. Smith, 98 Texas, 553; Railway Co. v. Jones,
123 S. W., 434; Railway Co. v. Minter, 38 Texas Civ. App., 8.

The employees under the foreman had no right to set up their judg-
ment against that of the foreman and had no right to refuse to use
the instrumentalities pointed out by him unless the use thereof was so
manifestly dangerous that no reasonably prudent person would have
used the same. Howard Oil Co. v. Farmer, 56 Texas, 301; Thompson
on Negligence, secs. 4664, 5383; Lash v. Stratton (Ky.), 42 S. W., 756;
Rettig v. Transportation Co., 26 N. Y. Supp., 896; Shearman & Red-
field on Negligence, secs. 91, 92, 186; Railway Co. v. Jones, 123 S. W.,
435; Railway Co. v. Zapp, 49 S. W., 673; Railway Co. v. Bonatz, 48
S. W., 767; Railway Co. v. Kizziah, 86 Texas, 81; Maupin v. Texas &
Pac. Ry. Co., 40 U. S. C. C. A., 234.

The court did not err in instructing the jury to find for appellee
if appellee was injured by the defective condition of the scantling
solely, or if he was injured by reason of the defective condition of the
scantling combined with the negligence of Woolery, and the company
did not exercise ordinary care to select a reasonably safe appliance.

LEVY, Associate Justice.—Appellee was a car repairer in the
service of the appellant company. He was ordered to report to Sam
Burnett, the foreman, and work in a squad of men under him com-
posed of Woolery and two others, who were rearranging and installing
machinery in the new shops of the appellant. He worked several
weeks at this work and in this squad. About the 18th of February,
1907, in the course of their work appellee and Woolery were directed
by the foreman, Burnett, to remove a piece of iron shafting which was
about six or eight feet long and two inches in diameter from an iron
pulley, which was about twenty inches in diameter. The pulley and
shafting were lying on the floor of the shop. Woolery started to drive
the shafting with an iron maul to force it from the pulley, and the
foreman told him not to drive it with the iron maul as that would
flatten the end of the shafting so that it would not come from the
pulley. The foreman then ordered him to butt it out with a piece of
timber. There is a conflict in the evidence as to whether the foreman
pointed out the particular piece of timber or told Woolery to get some
piece of timber. Some of the witnesses say that the foreman pointed
out and directed Woolery to get and use the particular piece of timber

that was used and that was lying near; others say that he told Woolery to get a piece of timber among the several pieces near by. We assume the truth of the finding of the jury in favor of appellee's contention, that the foreman pointed out and commanded the use of the particular piece of timber that was used. The timber used was a piece of scantling four or five inches square and some six feet long. Woolery picked up the piece of timber as·directed by the foreman and began to butt the shafting, and the lick caused it to bound from the floor. The foreman then directed appellee to hold the pulley with his hands, and for Woolery to drive the shafting with a piece of timber by butting it with the scantling endwise. Appellee, as directed, held the pulley, and with his hands on the side of the pulley. Woolery was attempting to drive the shafting from the pulley as directed, and the timber used either missed the end of the shafting, or a piece slivered off of the end from the lick and passed the shafting and struck appellee's hand, severely injuring it. There is some controversy in the evidence as to whether the timber missed the shafting or whether it slivered and passed to appellee's hand. The witnesses who testified that it slivered and passed the shafting stated that the timber was defective; that it was cross-grained and doty heart. It was a wedge-shaped piece that slivered off. We assume the truth of appellee's contention that it struck the shafting and slivered off because defective. The foreman testified that the appellee and the other men in the squad had no discretion, but were absolutely bound to obey his orders or could not work longer.

The negligence is alleged to have consisted of the manner of removing the pulley, that is, by ordering it to be struck or butted with the timber endwise while the appellee was required to hold it with his hands, and in the fact that the particular piece of timber directed to be used was defective and unsafe for the purpose for which it was ordered to be used. The appellant answered by denial, assumed risk, negligence of a fellow servant, and appellee's negligence. The trial was to a jury, and the verdict in favor of appellee.

We conclude that the appellant is guilty of negligence as alleged in the petition, proximately causing the injury, and that appellee is not guilty of contributory negligence and is not precluded by assumed risk, and the evidence warrants the amount of the recovery.

*After Stating the Case.*—Appellant plead in bar of the suit that appellee had executed a valid release against all damages, and claims by proper assignments that under the evidence the release is binding and precludes any recovery. The court ruled that the release was without consideration and invalid. There appear in the evidence two releases; one is dated in February and the other in April, 1907. It is admitted, though, that the second one is in the place of the first one, and the two are identically the same and are regarded as being one and the same release relied on. The release purports to settle the claim of appellee for the injuries in suit, and in consideration of $1 paid for the settlement. It goes further and stipulates, "Said sum of one dollar

being in full satisfaction of any and all claims and demands that I may have against the said Texas & Pacific Railway Company for the injuries received, as aforesaid, or for any other injuries that might arise, accrue, or result from injuries received in said accident, whether known at this time or that might hereafter develop, this settlement to have the same force and effect as if I had sued the Texas & Pacific Railway Company and obtained a judgment against it for the amount of this compromise. It is further expressly agreed and understood that the Texas & Pacific Railway Company is not and does not agree to bind itself to employ me, or for any time or in any capacity whatever, as a part of this settlement, but that we each remain free to contract with each other just as if this transaction had not occurred. It is further understood and agreed that all promises and agreements respecting or in anywise relating to the subject hereof are fully expressed herein and no others are made to exist. This instrument is executed in duplicate." Referring to the evidence, it is conclusively shown, we think, that the sole consideration for the settlement and release was the sum of $1, and that such sum has never been paid. Appellant admits that it was not paid or that it was even contemplated that it was to be paid. The instrument, as the evidence, declares that there was no other consideration or agreement between the parties than those expressed in the written agreement, which was one dollar. A release without consideration does not defeat a recovery, and the court did not err. See Missouri, K. & T. Ry. Co. v. Smith, 98 Texas, 47, 66 L. R. A., 741, 107 Am. St., 607, 81 S. W., 22. The first, second and third assignments are overruled.

The court in the main charge instructed the jury that appellee could only recover in case the foreman directed Woolery to butt the shafting out of the pulley with the particular piece of timber that was used and pointed out by the foreman to be used, and that the foreman directed appellee to remove the shafting in the precise way it was done; and authorized a finding for appellant if the foreman in this respect was not negligent. A full and affirmative charge on contributory negligence as to the manner of appellee's holding the shafting was given. There can be no pretence in the evidence that the pulley could have been held in any other manner by appellee than the way he did hold it; and there was no error, we think, in refusing special charges complained of in the sixth, ninth, tenth and eleventh assignments. There are no propositions under these assignments pointing out particular errors.

The pleadings raised the issue of negligence upon the part of appellant through its foreman and negligence of a fellow servant. The evidences raises the issue of negligence of the master combined with the negligence of appellee's fellow servant, Woolery. Appellant is liable for its own negligence combined with the negligence of a fellow servant. International & G. N. Ry. Co. v. Zapp, 49 S. W., 673; International & G. N. Ry. Co. v. Bonatz, 48 S. W., 767; Gulf, C. & S. F. Ry. Co. v.

Kizziah, 86 Texas, 81, 23 S. W., 578. The court, therefore, did not err as complained of in the twelfth assignment.

The thirteenth assignment complains of the refusal to grant a new trial because the verdict is contrary to the law and evidence. The case, we think, was properly submitted to the jury, and the evidence warrants the verdict.

The judgment was ordered affirmed.

*Affirmed.*