ANGELINA COUNTY LUMBER CO. v.
MAST. (No. 394.)

(Court of Civil Appeals of Texas. Beaumont.
Jan. 9, 1919.)

1. APPEAL AND ERROR ⟐⟐742(1) — ASSIGN-
MENTS OF ERROR—PROPOSITIONS.

An assignment of error can be treated as a
proposition stating a principle of law only
when such assignment, standing alone, an-
nounces a statement of a proposed legal prin-
ciple, so assignments which do not announce a
legal principle will be disregarded, when they
are treated as propositions.

2. APPEAL AND ERROR ⟐⟐1005(1)—REVIEW—
WEIGHT OF EVIDENCE.

The judgment of the court on a verdict of
a jury will not be disturbed, unless it is mani-
festly and plainly wrong and unreasonable.

3. RAILROADS ⟐⟐482(1) — FIRES — EVI-
DENCE.

In action for destruction of grass and grow-
ing timber on plaintiff's land, caused by a fire
set out by defendant's locomotive, evidence *held*
sufficient to support a verdict for plaintiff.

4. APPEAL AND ERROR ⟐⟐742(4)—ASSIGN-
MENTS OF ERROR—CONSIDERATION.

Where an assignment of error consisted of
paragraphs from the motion for new trial com-
plaining that the court erred in not sustaining
objections to testimony, the paragraphs con-
stituted no proposition, and the assignments
will not be considered.

5. APPEAL AND ERROR ⟐⟐882(13)—INVITED
ERROR—INSTRUCTIONS.

Where the measure of damages submitted
by the court was in accordance with a request-
ed instruction by defendant, defendant cannot
complain that the measure of damages was im-
proper, and constituted fundamental error.

6. COSTS ⟐⟐101 — LIABILITY — CODEFEND-
ANTS.

Where judgment was in favor of one of the
parties joined as a defendant, though against
the other, plaintiff was not entitled as against
the unsuccessful defendant to costs for making
the successful defendant a party.

Appeal from Nacogdoches County Court;
J. F. Perritte, Judge.

Action by B. C. Mast against the Angelina
County Lumber Company. From a judgment
for plaintiff, defendant appeals. Modified
and affirmed.

Mantooth & Collins and K. W. Denman,
all of Lufkin, for appellant.

Blount & Strong, of Nacogdoches, for appel-
lee.

BROOKE, J. This was an action brought
by appellee, B. C. Mast, against appellant,
Angelina County Lumber Company, and An-
gelina & Neches River Railroad Company,
defendant below, to recover the sum of $500,

on account of the negligence of said compa-
nies in setting out fire, which was alleged to
have destroyed and injured the grass and
growing timber on a 37½ and an 88 acre
tract of land; said alleged negligence being
due to the failure of appellant to properly
operate and equip its engines and appliances,
so as to prevent the emission of sparks and
flames, and so as to prevent the setting out
of fire, and also on account of the negligence
of appellant in failing to equip the engines
with proper spark arresters, and in not using
ordinary care in the use of proper fuel, and
in not providing proper and competent em-
ployés, by reason of which negligence, as
aforesaid, the grass and timber of said two
tracts of land were greatly injured and prac-
tically destroyed, to appellee's damage as
aforesaid.

Appellant, Angelina County Lumber Com-
pany, and defendant below, Angelina & Nech-
es River Railroad Company, answered by
general demurrer, and special exceptions to
the effect that the petition of appellee does
not show that he was the owner of the claim
for damages to said timber and grass, and
that there was no consideration for same,
even though he purchased said tract of land.
Appellant further answered by general denial
and special denial that appellee was the own-
er of said claim, and that said claim was
based on a good and sufficient consideration.

The case was submitted to the jury on
special issues, which were duly and legally
excepted to by this appellant, and special
instructions asked, which were refused by
the court and excepted to by this appellant.
The jury answered by their verdict that the
engine of this appellant set out the fire that
burned over the land in question, and further
that appellee was entitled thereby to $150
by reason of the burning over of the 37½-
acre tract, and to $100 by reason of the burn-
ing over of the 88-acre tract of land. Appel-
lant duly filed and presented its motion for
judgment on the verdict of the jury, which
was refused, and the court rendered judg-
ment in favor of appellee and against the
appellant, Angelina County Lumber Com-
pany, for the sum of $250, and in favor of
the defendant below, Angelina & Neches Riv-
er Railroad Company, that appellee take
nothing as against said defendant, and that
it go hence without day, and further ren-
dered judgment against appellant for all
costs incurred by all parties.

In the first assignment are grouped para-
graphs 1, 2, 8, and 10 in the motion for new
trial, and they are each adopted as a prop-
osition, to wit:

(a) "Because the verdict and judgment are not
supported by the evidence in that the witnesses
Franklin's, Larue's, and Lucas' testimony shows
a state of facts that makes it impossible for
the fire to have originated by the employés of

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the defendant, having testified that the fire originated so far west of the tram road as to make it definitely certain that defendant company's employés did not cause the fire; besides, from the time the engine left the shop until it returned was such time as to make it definitely certain that defendant company's employés did not nor could not have caused the fire, defendant having theretofore requested the court to render judgment for defendant on the verdict of the jury."

(b) "Because the verdict and judgment are not supported by the evidence in this cause on the question of damage, in that the testimony of plaintiff's witness Spurgeon, and plaintiff himself, conclusively show that their testimony as to the damages according and accruing to the plaintiff by reason of said burn is entirely contradicted by the physical conditions of the land and timber before and after the fire, as shown by their own testimony corroborated by the testimony of defendant's witnesses Larue, Franklin, Lucas, and Wilson; that the 37½-acre and 88-acre tracts of land were covered with large merchantable timber before the fire, and that the ground under the timber was covered by oak, pine, and myrtle brush entirely; that all the merchantable pine timber was cut from said land from one to three months before the fire, and that the fire burned the tops of the cut timber and oak, pine, and myrtle bushes, and that the timber that remained on the land after the Angelina County Lumber Company had cut the merchantable timber was valueless; and because the testimony of the plaintiff himself and witness Spurgeon shows that they were not acquainted with and did not know the market value of the land before and after the land was burned over."

(c) "Because the court erred in submitting his charge to the jury, and in not submitting the special charge requested by the defendant to return a verdict for the defendant, the uncontradicted evidence proving conclusively that the defendant company did not set out or cause the fire, for that said company showed and conclusively established that the fire originated too far west from the tram road for defendant company's engine to have caused the fire; defendant having duly excepted to the court's charge before the same was read to the jury as shown by the exceptions filed herein."

(d) "Because the court erred in refusing the defendant's special charge No. 1, requesting the court to charge the jury to return a verdict for the defendant, because the testimony of plaintiff's witnesses was wholly insufficient on the question of damages and as to the origin of the fire to authorize or sustain a verdict for the plaintiff."

[1] We understand it to be the law, with reference to the matter of adopting assignments of error as propositions, that every assignment cannot be treated as a proposition stating a principle of law, but only such assignments can be considered as a proposition as, when standing alone, announce a statement of a proposed legal principle. Having thus disposed of this matter, on which no action is requested in appellee's brief, no further reference will be made thereto.

[2, 3] The two propositions urged under this assignment are:

(1) "It is the duty of the appellate court to set aside a verdict not supported by a preponderance of the evidence, and especially is this true in fire cases, where the evidence is circumstantial, it being the burden of plaintiff in such cases to show by a preponderance of the evidence that the property was injured by the negligent emission of sparks and in the manner as pleaded; and if the evidence is equal the defendant is entitled to a verdict, the burden of proof never shifting in such cases."

(2) "A judgment not supported by the pleadings and evidence, or a judgment not supported by the evidence, or the pleadings, cannot stand."

The weight of evidence, when drawn from the mouths of witnesses, is a matter almost entirely with the jury and trial court, and the judgment of such court on verdict of jury will not be disturbed, unless the same is evidently and plainly wrong and unreasonable beyond conscientious reasoning, and such verdict and judgment will stand if there is in the evidence any reasonable support for same, and the matter of the preponderance of evidence cannot in fact in such case be considered by the appellate court; otherwise, of course, if the evidence was documentary and not oral.

There seems to be on the main issue, the origin of the fire, an irreconcilable conflict in the testimony of Spurgeon for plaintiff, and Lucas and Franklin and Larue for the defendant. Spurgeon stated point-blank that the fire started at the track of the railroad, and the others, in effect, that it did not and could not have started there, but must have started at considerable distance from the railroad track. As said before, the jury are the judges of the weight of the evidence and the credibility of the witnesses, and acting within their province, having the witnesses in their personal presence, perhaps personally knowing them, the testimony of Spurgeon impressed them as true, they so found, and the trial court, with the same facilities for appraising the witnesses, refused to interrupt their verdict. We do not understand that this court in such case has superior means of estimating the credibility of the witnesses; and the judgment and verdict are fully sustained by the evidence of Spurgeon as to the liability of the appellant for starting the fire.

As to the same being done negligently, every witness of defendant and plaintiff who speak of the engine say the fuel was pine knots and pine wood, and sparks and large embers, capable of burning anything dry they might fall on, were emitted constantly when the engine was in operation; and no attempt was made by defendant, whose operating engineer, Larue, was on the stand as a witness, to show any pretense at spark arresters or other safeguard or care against fires by such sparks and cinders. This evidence made it a fact that said engine was negligently operated with reference to properly guarding

against fires along its line, and, without going into the matter further, we hold that the testimony was sufficient, if believed by the jury, to support the judgment that was entered. Therefore, in our opinion, this assignment must be overruled.

[4] Appellant's second assignment is the grouping of paragraphs 4, 5, and 7 of the motion for new trial, Nos. 4 and 5 being that—

"The court erred in not sustaining appellant's objection to the questions to and answers of Spurgeon and B. C. Mast as to the market value of the land before and after the fire, as shown by appellant's bills of exception Nos. 1 and 5."

These paragraphs constitute no proposition, and make no intelligent assignment, as shown on their face, and we are asked not to consider them. The supposition, however, is that the testimony of these witnesses was inadmissible because it is alleged that they did not qualify as to knowledge of values. We think the matter as stated and presented by this record ought not to be considered. We do not find in the record the bill of exception No. ——, referred to in paragraph 7 above mentioned.

[5] Therefore, we pass to the third assignment of error, which appellant presents as fundamental error, or error apparent on the face of the record, which same is adopted as a proposition, as follows:

"Where a case is tried on the wrong or erroneous theory, and the court applies the improper measure of damages, as reflected in the charge and judgment, it is fundamental error, as was done in this case."

The complaint seems to be that plaintiff pleaded damages on account of injury to and destruction of the grass and timber on the land. The court charged the jury that the damage plaintiff was entitled to recover, if any, was the difference between the market value of the land burned over immediately before it was burned over and immediately after it was burned over. Appellant requested charge No. 3, which reads:

"If special charge No. 1, requested by defendant, is refused, then this defendant requests the following: Gentlemen of the Jury: You will answer the following special issues: What was the market value of the 37½ acres of land before the fire? Answer this by stating the amount in dollars and cents.

"Special Issue No. 2: What was the market value of the 37½ acres of land after the fire? Answer this in dollars and cents.

"Special Issue No. 3: What was the market value of the 88 acres of land before the fire? Answer this in dollars and cents.

"Special Issue No. 4: What was the market value of 88 acres of land after the fire? Answer this in dollars and cents."

While this requested charge was not given, yet it is apparent that it was not given by the court for the reason that the court had given the jury the same matter in charge in almost the same language as above set out in its main charge. Because of this invited error, it occurs to us the appellant is estopped from complaining before this court.

[6] The last assignment of error set out in the brief of appellant is that all the costs of the suit, including the cost of making the Angelina & Neches River Railroad Company a party defendant, is adjudged against the appellant, when such part of the cost should have been adjudged against the plaintiff, appellee; judgment being in favor of the railroad company.

This contention seems to have merit. The amount of costs, as shown by the cost bill in the record, amounts to $14.10, to which should be added the charge of $10 for the transcript, and one-half of this amount should be allowed appellant as against appellee, and with such judgment, having thoroughly examined the record and the assignments as presented, we are of opinion that this cause should be affirmed.

It is so ordered.