## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. WILSON. (No. 1182.)

(Court of Civil Appeals of Texas. Beaumont. May 16, 1925. Rehearing Denied June 3, 1925.)

1. Waters and water courses ⬤=125—Measure of damages for permanent injury to land stated.

Where railroad culvert discharging water on plaintiff's land was admittedly permanent, measure of damages is difference between value of his property immediately before and immediately after injury.

2. Appeal and error ⬤=882(3)—Defendant railroad, treating injury to plaintiff's property as permanent, cannot thereafter claim contrary.

Where undisputed facts showed that injury to plaintiff's property was permanent and it was so treated by defendant railroad, court properly refused to submit question whether injury was temporary or permanent, and defendant cannot claim that it was only temporary.

3. Trial ⬤=252(20)—Refusal to instruct jury not to consider depreciation of plaintiff's property by reason of injury to street held not error, where no damages claimed by reason of injury to street.

Where there was no claim by plaintiff for damage by reason of injury to street in front of his property, refusal to instruct jury not to allow plaintiff any damages, by reason of diminution in value of his property because of injury

to such street, could not possibly have injured defendant.

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Action by T. L. Wilson against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Marsh & McIlwaine, of Tyler, Mantooth & Denman, of Lufkin, and E. B. Perkins, of Dallas, for appellant.

Collins & Collins, of Lufkin, for appellee.

HIGHTOWER, C. J. This suit was brought by appellee, T. L. Wilson, against appellant railway company to recover damages for alleged permanent injuries and damage to about an acre of land in the town of Huntington, Angelina county, which is improved property and is owned by appellee and is occupied regularly by tenants of his. The property is contiguous to appellant's right of way. Appellee alleged, in substance, that appellant, in constructing and maintaining its roadbed and track in front of his property, unlawfully and negligently failed and refused to construct and maintain the necessary and proper culverts, sluices, and drains under and along its roadbed and track, such as the natural lay of the land in that vicinity required, and that as a direct and proximate consequence of such failure and refusal, his property was greatly and permanently injured and damaged. He alleged that after each heavy rainfall in that vicinity his property was inundated by surface water, and that large and deep gulleys and ditches were thereby washed across and through his property, and that such water stands in holes and stagnates on and near his property, all of which he alleged had rendered his property much less desirable and less attractive, and that its market value had thereby been greatly lessened.

He further alleged that the cause of such injuries and damage to his property (the presence of appellant's roadbed and track, and lack of such culverts and sluices and drains) was a permanent cause, and would continue, and that he was entitled to recover of appellant the difference in the market value of his property as it existed immediately before and immediately after such injuries and damage.

Appellant answered by general demurrer, several special exceptions, general denial, plea of limitation of two years, and specially that appellee was not entitled to the measure of damages sought, because the cause of same might be abated by him, and further that appellee should be held to a recovery of only such amount as it would cost to put the property in same condition it was in before such injury, etc. The case was submit-

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ted to a jury on special issues, all of which were anwered favorably to appellee, and the answers established appellant's liability, and none of them are assailed by appellant save one, and that relates to the amount awarded appellee.

The evidence in this record shows, without contradiction we think, the following facts: Appellee's property lies just south of appellant's right of way and roadbed; that about July 1, 1922, appellant made what the witnesses call the large new culvert under its roadbed right opposite appellee's property, and large volumes and torrents of surface water, after every hard rain, flows through this culvert and then rushes over and through appellee's property, washing and destroying the soil and afterwards standing and stagnating upon and near appellee's property; that by such action of surface water, wide and deep gulleys have been cut through and over appellee's property and holes made in which water stands and stagnates after each heavy rainfall; that such conditions have rendered appellee's property much less desirable and less attractive for residence purposes, for which it is used by appellee's tenants; that appellee, on several occasions, tried to prevail upon appellant to remedy such conditions by so changing its culverts, sluices, and drains as the natural lay of the land required, to prevent the surface water from flowing through and standing upon his property, but appellant had never attempted to do so; that appellee made reasonable efforts to try to protect his property from such surface water, but was unable to do so; that at the time this suit was filed, and during its pendency, there was no reasonable expectation that appellant would abate, remedy, or remove the cause of the damage to appellee's property, but on the contrary, as we construe the evidence, appellant had no such intention, but had treated the damage and injury to appellee's property and the cause thereof as permanent.

[1] We will now dispose of appellant's three propositions advanced for reversal. Its main contention is that the court should have limited appellee's recovery to what it would cost to restore his property to its original condition. This contention is based upon appellant's assumption that the injury to appellee's property was caused by conditions that could be abated by defendant voluntarily, or at the suit of plaintiff or any other interested party, and that the property could be restored to its original condition by the expenditure of a reasonable sum of money. The facts already stated by us show that the cause of the damage to appellee's property is permanent and has been so treated by appellant, and that appellee is unable to help himself. The proper rule for measure of damages in a case of this character is stated by the Supreme Court of this state, speaking through Judge Gaines, in the case of Rosenthal v. Taylor, B. & H. Railway Co., 79 Tex. 325, 15 S. W. 268. The following quotation from the syllabus will suffice as a statement of the rule:

"Though it is not proper to allow the recovery of prospective damages for a nuisance which is capable of abatement, as the wrongdoer may voluntarily remedy the wrong by removing it, yet, where a railroad company has constructed its embankment in front of plaintiff's house in such a way that upon the occasion of each considerable rainfall the water accumulates in pools, and remains through a period of stagnation, until it dries up, and has refused, upon application, to put in a culvert to drain the water off, it is not error to treat the nuisance as a permanent one, and give damages for the depreciation of the property."

The principle announced in the cited case is clearly applicable here, and appellee's measure of damages was, as the trial court told the jury, the difference between the value of his property immediately before and immediately after the injury. Texas Central Railway Co. v. Brown, 38 Tex. Civ. App. 610, 86 S. W. 660; and authorities therein cited; Owens v. Railway Co., 67 Tex. 679, 4 S. W. 594; San Antonio & A. P. Ry. Co. v. Horkan (Tex. Civ. App.) 45 S. W. 392; Denison B. & N. O. Ry. Co. v. Barry, 98 Tex. 248, 83 S. W. 6; Missouri K. & T. Ry. Co. of Texas v. Green, 44 Tex. Civ. App. 247, 99 S. W 573; St. Louis, Southwestern Ry. Co. of Texas v. Clayton, 54 Tex. Civ. App. 512, 118 S. W. 249.

[2] Nor was the trial court in error in refusing to submit to the jury, at appellant's request, the question as to whether the injury to plaintiff's property was temporary or permanent. As we have stated, upon the undisputed facts in this record, the injury to appellee's property, as well as the cause thereof, was permanent, and so treated by appellant, and it cannot now be permitted to claim the contrary.

[3] Appellant further complains that the trial court was in error in refusing to instruct the jury not to allow appellee any sum as damages by reason of diminution in value of his property because of an injury to the street in front of it. We can see no possible injury to appellant in the failure of the court to so instruct the jury. The form of the submission of the case was such as to confine the jury to a consideration of such damages as appellee had sustained by reason of ditches and holes and gulleys being cut through and upon his property and the standing of stagnant water thereupon. There was no claim by appellee anywhere, either in the pleadings or in the evidence, for any damages to his property by reason of damages to the street in front of his property.

We also overrule appellant's contention

made by an assignment of error, though not supported by any proposition, that the jury's verdict in this case allowing appellee a recovery of $500 was excessive. It occurs to us, as we see the undisputed facts, that appellant manifested a willful disregard of the rights of the appellee, and that it really would have no just complaint if the amount awarded appellee had been larger.

This disposes of all of appellant's propositions, and they are all overruled. The judgment is affirmed.