### ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LAWRENCE.

No. 5326.

Court of Civil Appeals of Texas. Texarkana.

Oct. 12, 1938.

Rehearing Denied Oct. 20, 1938.

T. W. Thompson, of Greenville, and Ramey, Calhoun & Marsh, of Tyler, for appellant.

Hamilton, Hamilton & Turner, of Dallas, and Clark, Harrell & Clark, of Greenville, for appellee.

WILLIAMS, Justice.

Appellee, John R. Lawrence, plaintiff below, seeks to recover a judgment against appellant, St. Louis Southwestern Railway Company of Texas, defendant below, for personal injuries sustained by him by reason of an alleged defect or insufficiency due to defendant's alleged negligence in the maintenance of its cars as provided in Article 6439, R.C.S. of Texas. The history and nature of this case is fully detailed in the opinion on a former appeal, Tex. Civ.App., 91 S.W.2d 434. Additional issues to those detailed in the former appeal were submitted under amended pleadings in the instant trial. These additional issues are not involved in any assignment of error, and we shall not further notice same.

The evidence on the issue of negligence of the defendant and of contributory negligence of plaintiff is practically the same as in the former trial. In answer to special issues the jury found that: (1) The step upon the caboose by reason of its aged condition was in an unsafe condition for use by one exercising ordinary care in boarding the caboose by means of the step; (2) the railway company knew, or by ex-ercise of ordinary care would have known, of the condition of the step; (3) permitting the step to remain in such condition was negligence; and (4) the foregoing negligence was a proximate cause of the injuries. The jury found that plaintiff failed to keep a proper lookout as to where he was placing his feet in attempting to board the caboose; that such failure was negligence; and that such negligence proximately caused or contributed to cause the injury complained of.

Article 6440, R.C.S., among other things, provides:

"* * * In all actions brought against any such common carrier or railroad under or by virtue of any provision of the foregoing article [being the article under which plaintiff grounded his right of action] to recover damages for personal injuries to an employé * * * the fact that the employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé."

In submitting the foregoing provision the court propounded issue No. 20, reading:

"What sum of money, if paid at this time would reasonably and fairly compensate the plaintiff for the damages sustained by him as a proximate result of the injury sustained by him upon the occasion in controversy?"

In connection with this issue the jury was further instructed as follows:

"If you have found in answer to the special issues submitted to you that the defendant was guilty of negligence proximately causing the plaintiff's injuries, and if you have found that the plaintiff was guilty of negligence causing or contributing to cause his injuries, then you will diminish the amount of plaintiff's damages in proportion to the amount of negligence you find attributed to plaintiff."

The jury answered special issue No. 20 at $5,000. Judgment was rendered for plaintiff accordingly. There is no assignment of error which attacks the submission of the provisions of Article 6440, supra, in the manner as set out.

There was no jury finding that plaintiff was an employee of defendant. This issue was not submitted. Plaintiff did not request the submission of such an issue, and defendant contends that the issue was therefore waived.

■ Defendant further contends that the jury having found plaintiff guilty of contributory negligence, defendant was entitled to judgment in its favor that plaintiff take nothing. Throughout the trial defendant treated plaintiff as its employee and plaintiff's cause of action as subject to the provisions of the statutes (6439 and 6440) governing actions by railroad employees for damages for personal injuries. Under paragraph V of its answer, defendant pleaded "that at the time and on the occasion in question there was in full force and effect a safety rule, promulgated by defendant company, governing employees in train * * * service, which said safety rule is designated as Rule No. 10, and is as follows, to-wit: 'The following practice or manner of doing work is prohibited by this company: (10) Alighting from or boarding a moving engine from position between the rails, the front end of a moving caboose, or a rapidly moving train or engine.'" Defendant pleaded further that plaintiff was familiar with said rule and negligently violated it by boarding the front end of a moving caboose. Plaintiff was cross-examined exhaustively by defendant on his knowledge and violation of this rule. Defendant offered this rule in evidence.

The trial court in the first draft of his charge did not instruct the jury upon the doctrine of comparative negligence embodied in Article 6440. Defendant objected to the charge as prepared because it did not embody instructions on this phase of the case and requested the court to submit an issue to the jury "calling upon them to answer by what sum, if any, the amount of damages plaintiff has sustained, if any, by reason of his injury should be diminished by reason of his contributory negligence, if any." The foregoing pleading, evidence and requested charge urged by defendant could only be pertinent and proper on the assumption and theory that plaintiff was an employee of defendant at the time plaintiff was injured. The only reason the trial court was called upon to consider whether plaintiff was an employee within the provision of Article 6440 or a passenger was to decide if it was necessary to instruct the jury under the issue of damages on the law of comparative negligence. "It is an established principle of appellate procedure that the parties are restricted to the theory on which the case was tried in the lower court." 2 Tex.Jur. p. 168, Sec. 111, Appeal, Error; House v. Rogers, Tex.Civ.App., 23

S.W.2d 414; Id., Tex.Com.App., 39 S.W.2d 1111; Missouri, K. & T. Rwy. v. Eyer, 96 Tex. 72, 70 S.W. 529; St. Louis Southwestern Ry. v. Wilson, Tex.Civ.App., 273 S.W. 622; Chicago, R. I. & G. Rwy. v. De Bord, 109 Tex. 20, 192 S.W. 767; Angelina County Lbr. Co. v. Mast, Tex.Civ.App., 208 S.W. 360. For the reasons stated, this assignment is overruled.

■ The trial court after defining the term "unavoidable accident," submitted issue No. 19 to the jury, to-wit:

"Under the above definition do you find that the injury to the plaintiff was an unavoidable accident? Let your answer be, 'It was an unavoidable accident,' or 'It was not an unavoidable accident,' as you may find."

The jury answered, "It was not an unavoidable accident." Defendant objected and excepted to this issue as follows: "Because as framed, it incorrectly fails to place the burden of proof on plaintiff. Defendant here now requests the court to prepare and submit an issue to the jury on unavoidable accident which will place the burden of proof upon the plaintiff to show that the injury was not the result of an unavoidable accident." This cause was reversed and remanded before, Tex.Civ.App., 91 S.W.2d 434, because the issue of unavoidable accident was not submitted to the jury. That opinion detailed briefly the evidence upon the issue of unavoidable accident, and the evidence in the present record is practically the same. We do not deem it necessary to detail further the evidence bearing on this issue. It is evident from an examination of this special issue as phrased that the issue fails to place upon plaintiff the burden of proving by a preponderance of the evidence that the injury was not the result of an unavoidable accident.

In Rosenthal Dry Goods Co. v. Hillebrandt, 7 S.W.2d 521, in an opinion by the Commission of Appeals, approved by the Supreme Court, it is said [page 523]:

"It was not necessary that the defendant plead specially that the injuries were the result of an unavoidable accident. This was put in issue by the general denial and imposed upon the plaintiff the necessity of proving that the happening was not an unavoidable accident."

To the same effect is the holding by the Supreme Court in Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489. Also see

Texas & P. Ry. Co. v. Edwards, Tex.Com. App., 36 S.W.2d 477. Terrell Wells Health Resort v. Severeid, Tex.Civ.App., 95 S.W.2d 526. The foregoing authorities support the assignment of error here urged by defendant.

For this reason the judgment is reversed and the cause remanded.