## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS et al. v. JONES.

No. 3622.

Court of Civil Appeals of Texas. Beaumont.

Feb. 22, 1940.

Ramey, Calhoun & Marsh, of Tyler, for appellants.

Sumner Williams, Jr., and Curtis W. Fenley, all of Lufkin, for appellee.

WALKER, Chief Justice.

On the 8th day of July, 1939, in county court of Angelina county, appellee, C. D. Jones, recovered judgment against appellants, St. Louis Southwestern Railway Company of Texas et al., for the sum of $250 as damages suffered by him from a fire which escaped from appellants' right of way onto appellee's premises. The evidence raised the issues of negligence charged by appellee against appellants, submitted by the court's charge to the jury, and satisfactorily supports the jury's answers thereto.

■ The court made the following submission of "unavoidable accident":

"Do you find from a preponderance of the evidence that the damage, if any, was the result of an unavoidable accident?

"Answer 'Yes' or 'No' as you find the facts to be.

"Answer: No.

"By the term 'Unavoidable Accident' as used in the charge is meant the unexpected happening of an event that is not proximately contributed to by the negligent act or omission of either plaintiff or defendant, or one which could not have been reasonably foreseen or anticipated, as likely to occur in the light of existing circumstances."

Appellants excepted to this charge on the ground, among others, "and further because said issue and the instruction given in conjunction therewith erroneously places on these defendants the burden of proving by a preponderance of the evidence that the damage, if any, was the result of an unavoidable accident." On authority of St. Louis Southwestern Ry. Co. of Texas v. Lawrence, Tex.Civ.App., 120 S.W.2d 906—directly in point and writ refused—appellants' exception must be sustained. In this connection, we overrule appellee's counter proposition that the evidence did not raise the issue of "unavoidable acci-

dent." No point is made that any negligence on the part of appellee proximately contributed to his damage. While the jury, on the evidence as a whole, convicted appellants of negligence in permitting the fire to escape from the right of way, the following testimony of appellee's witness, Mr. C. Wrotenberry, raised the issue that the fire did not escape through appellants' negligence: "That on or about October 22, 1937, plaintiff's pasture was burned off; that the first he saw of the fire was on the right-of-way; that he first saw a small fire on the right-of-way at about 11:20; but it got larger and drew his attention to the whole right-of-way being afire; that he saw the section gang fighting the fire; that a part of Mr. Jones' orchard was burned; that the fire burned from the Southeast to the Northwest; that he saw the fire burning on the right-of-way and the smoke therefrom down in Mr. Jones' orchard."

If the fire escaped from the right of way without negligence on the part of either party, then appellee's loss was the result of an "unavoidable accident." It would have been error to refuse to submit the issue.

■ Again, the court in the charge did not define the term "negligence." Because of its legal significance, this term should have been defined to the jury. Therefore, the court erred, as against appellants' exceptions, in refusing to define the term "negligent act" as used in the submission of "unavoidable accident."

On another trial, the plea in abatement of St. Louis Southwestern Railway Company of Texas should be sustained on authority of St. Louis, B. & M. Ry. Co. et al. v. Zamora et al., Tex.Civ.App., 110 S.W.2d 1242, where the plea in abatement, in substance the plea at bar, was sustained.

The other points of error briefed need not occur on another trial.

Judgment reversed and cause remanded.