### TEXAS & PACIFIC RAILWAY COMPANY v. W. F. ENDSLEY.

#### No. 2076.   Decided June 8, 1910.

**Negligence—Res Ipsa Loquitur.**

Evidence considered in case of injury of a licensee upon a footpath by the railway track struck by a loose and projecting door of a freight car on a passing train and held insufficient to establish negligence; there being no evidence as to the ownership of the car, how long it had been in defendant's possession or defective, or facts showing that defendant was in fault in respect to its condition, the finding of negligence could not be supported by the doctrine of res ipsa loquitur.

Error to Court of Civil Appeals, Sixth District, in an appeal from Bowie County.

*Glass, Estes, King & Buford,* for plaintiff in error. (*W. L. Hall,* of counsel.)—The Court of Civil Appeals erred in holding that the verdict of the jury and judgment based thereon is sustained by evidence showing in effect that a door on one of the cars of the train swung open and out and struck appellee and that appellant was guilty of negligence in failing to have said door securely fastened, and thereby prevent possibility of its opening out and striking appellee or some other licensee near its track, and that appellant should have

foreseen that such accident, or a similar one might happen, if all the doors on all its cars were not securely fastened. Houston, E. & W. T. Ry. Co. v. Roach, 114 S. W., 418; Houston City St. Ry. Co. v. Autrey, 4 Texas Civ. App., 635; Missouri, K. & T. Ry. Co. v. Thompson, 11 Texas Civ. App., 658; St. Louis S. W. Ry. Co. v. Adams, 24 Texas Civ. App., 231; Chicago & E. I. Ry. Co. v. Reilly, 72 N. E., 454; Gulf Pipe Line Co. v. Brymer, 124 S. W., 1007.

*Hart, Mahaffey & Thomas,* for defendant in error.—The rule res ipsa loquitur, in Texas, is that where a duty is owing by the defendant, and the thing which inflicted the injury is shown to be under the management of the defendant or its servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care; and it is not limited to cases where some contractual relationship exists. In order to sustain the verdict, appellee is not forced to rely solely upon the doctrine of res ipsa loquitur, because there is, in this case, affirmative evidence of negligence. The natural and probable result of running a train at a high rate of speed along a track constructed upon a curve, near to and on the outside of which is a pathway, which the company had licensed the public to use, and which was in almost constant use by the public, with a door or other thing hanging loose and swinging from one of the cars, would be to injure persons in said pathway; that is, it would be negligence. Washington v. Missouri, K. & T. Ry. Co., 90 Texas, 314; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168; Howser v. Cumberland & P. Ry. Co., 27 L. R. A., 154.

MR. JUSTICE BROWN delivered the opinion of the court.

The Texas & Pacific Railway Company owned and operated a track in the city of Texarkana, which crossed the track of the Cotton Belt Railroad at a certain point in the city. The Texas & Pacific track runs on a curve for some distance before and after crossing the Cotton Belt Railroad. By the side of and near to the track of the Texas & Pacific Railroad was a beaten plain path made by pedestrians who had walked there for considerable time, in fact without any inter-ference or molestation on the part of the railroad, and it is not denied by the plaintiff is error that Endsley was a licensee upon the said pathway at the time of his injury. Endsley was a mail carrier and delivered the mail on foot in that part of the city. On this occasion he had been out delivering mail to the office of the Cotton Belt Railroad and was returning to the city. He looked back and saw a train of cars approaching him from the rear and stepped three or four feet from the track so as to be out of the way of the cars as they were passing. He stopped and was looking at the car wheels as they run over the frog on the track when something struck him on the back part of his head and knocked him down, inflicting a wound of some length on his head. He testified that when he got up he saw on a car, which had passed him and was some four or five car lengths away, something swinging out from the car; he

did not know what it was, but it looked like the door of the car. The train was moving about six or eight miles per hour. Another witness who saw the accident testified that he saw Endsley when he was knocked down and that the cars passed near to him on the track but he did not see anything swinging out from the cars. It was proved by this witness that if the door of a box car was loose at the bottom and fastened at the top it would project at the bottom seven or eight inches and on a curve would be inclined to project further than that. There was no other evidence tending to prove that there was a loose door upon any car in that train, nor was there any other proof which tended to show that the injury to Endsley was produced by the negligence of the Texas & Pacific Railroad Company or any of its servants.

The evidence of the manner in which the injury occurred is quite meager, but if we concede that Endsley's statement is correct we yet have the question, is it sufficient as a matter of law to support the judgment?

The fact that the injury occurred and that such injury resulted from a defective condition of the defendant's car is not sufficient to establish the necessary fact that the railroad company was negligent in permitting the door to be in that condition. Gulf, C. & S. F. Ry. Co. v. Kizziah, 86 Texas, 81; Houston & T. C. R. Co. v. Barrager, 14 S. W., 242; Missouri, K. & T. Ry. Co. v. Thompson, 11 Texas Civ. App., 658.

In the Barrager case, above cited, damages were claimed for an injury received by a brakeman through the pulling out of a draw-head, and this court said: "To say that the burden is upon the servant to show negligence upon part of the master when he seeks to recover damages for injuries resulting from defective machinery, is but to announce the elementary proposition that the plaintiff must prove his case; and we are of opinion that negligence on part of a railroad company is not to be inferred from the mere fact that a draw-head has become detached in the operation of moving the train. Mobile & O. R. Co. v. Thomas, 42 Ala., 672. So that it seems to us that upon his main proposition the plaintiff has failed in his case."

The evidence does not disclose any fact which would tend to show when or how the defect in the door of the car occurred, nor does there appear to be any evidence as to ownership of the car, how long it had been in the yard, or whether it had been in the possession of the railroad company sufficient time for the defect to be discovered when Endsley was struck, nor any fact from which a jury could determine that in the exercise of ordinary care the railroad company should have discovered the defect before the injury occurred. The fact that cars were being pushed in the yard would indicate that they had just been brought in and may have come from another road, or the break in the door may have occurred while it was out on the road. If the maxim, *res ipsa loquitur,* be applicable to this character of case, the evidence must suggest the character of the negligent act—it is not sufficient that it may raise a suspicion of negligence of some kind.

The case of Missouri, K. & T. Ry. Co. v. Scarborough, 68 S. W., 196, 29 Texas Civ. App., 195, differs from this case in that the defect which caused the injury itself told that the servants of the railroad company were negligent in so loading the car as to permit a piece of lumber to project from the car far enough to inflict injury upon one who was lawfully upon the skidway.

It is ordered that the judgments of the Court of Civil Appeals and District Court be reversed and that judgment be here rendered for plaintiff in error.

*Reversed and rendered.*