GULF, C. & S. F. RY. CO. v. RIORDAN.

(Court of Civil Appeals of Texas. Ft. Worth.
March 9, 1912. Rehearing Denied
April 6, 1912.)

1. MASTER AND SERVANT (§ 276*)—ACTIONS
FOR INJURIES—EVIDENCE.

In an engineer's action for injuries caused
by slipping on the running board of the en-
gine, evidence *held* insufficient to show when
or how the running board became greasy and
slippery, and hence defendant's negligence was
not shown.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 950–952, 954, 959, 970,
976; Dec. Dig. § 276.*]

2. MASTER AND SERVANT (§ 110*)—LIABILITY
FOR INJURIES—SAFE PLACE TO WORK.

A railroad company, whose engineers are
required to go on the running board of moving
engines, is bound only to exercise ordinary care
to keep the running board free from accumu-
lated dirt or grease, and is not liable for in-
juries caused by an engineer slipping on such
grease or dirt, unless it was placed there neg-
ligently by some one for whose negligence the
company is responsible, or had remained there
for such length of time that some one whose
duty it was to remove it had notice.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 214, 214½; Dec. Dig.
§ 110.*]

3. MASTER AND SERVANT (§ 278*)—DEFECTIVE
MACHINERY—EVIDENCE.

An allegation that a railroad company was
negligent in not using an engine so construct-
ed that the blow-off cock could be operated
without the engineer going on the running
board is unsupported by the evidence, when
it does not appear whether the engines used
were of entirely approved patterns or not, or
even whether other engines of a different make
existed.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 954, 956, 958, 960–969,
971, 972, 977; Dec. Dig. § 278.*]

Appeal from District Court, Cooke Coun-
ty; Clem B. Potter, Judge.

Action by E. H. Riordan against the Gulf,
Colorado & Santa Fé Railway Company.
From a judgment for plaintiff, defendant
appeals. Reversed and remanded.

Garnett & Garnett, of Gainesville, and A.
H. Culwell and Terry, Cavin & Mills, all of
Galveston, for appellant. Stuart, Bell &
Moore, of Gainesville, for appellee.

CONNER, J. This is an appeal from a
judgment in appellee's favor for the sum of
$2,000 ·for injuries received by him at Ard-
more, Okl., while in the performance of his
duty as an engineer on one of appellant's
engines. Engines of the make of that in-
volved in this controversy are arranged with
what is termed in the evidence as a "blow-
off· cock" located toward the forward part
of the locomotive and just beneath what is
designated the running board, which ex-
tends from the cab of the engine forward
about midway of the boiler to and beyond
the blow-off cock. On the morning of the
injury it was alleged that it became neces-
sary for appellee to go from his cab forward
on the running board, which was about 12

inches wide, and so operate the blow-off
cock as to let off steam from the boiler;
that while doing so his foot slipped, and he
fell, or partially fell, and injured himself in
the manner and with the results described
in the petition. It was alleged that the slip
of his foot was caused by an accumulation
of oil or grease on the running board, and
appellee thus alleges the negligence relied
upon: "That plaintiff, at the time he was
injured, was using due care for his own
safety; that he was caused to fall by de-
fendant's negligence, permitting said run-
ning board to become greasy and dirty, and
that said running board was in a greasy
and dirty condition; that it was negligence,
namely, the want of ordinary care, on the
part of defendant in permitting said run-
ning board to get in said greasy and dirty
condition; that the blow-off cock in said en-
gine was in bad condition, and that defend-
ant had negligently permitted it to get in
such condition, and allowed it to become in
such condition that it could not be worked
from the inside of the engine, and plaintiff
had to go out on said running board to
work said blow-off cock."

[1] The principal question upon this ap-
peal is whether the evidence supports the
verdict of the jury and judgment of the
court on the issue of negligence on appel-
lant's part, and after a careful examination
of the evidence we have concluded that it
does not. The ·evidence is sufficient to es-
tablish the fact that there was oil and
grease on the running board, and that appel-
lee's foot slipped thereon, and he was caus-
ed to partially fall from the engine as alleg-
ed; but the evidence leaves it in doubt as
to how or when the oil got upon the board.
Appellee testified, in substance, among other
things, that several days before the injuries
he had been using the engine, but that it
had been sent from Ardmore, .Okl., to the
machine shops at Gainesville, Tex., for the
repair of some disorder; that at that time
he noticed no oil or dirt on the running
board; that the engine was returned in a
few days, when he again began its ·use at
about 1:30 or 2 o'clock p. m. on February
4, 1910, and that at about 3:30 p. m. of that
day, while returning from a turntable locat-
ed within about a mile of Ardmore, and,
while traveling at the rate of some six miles
per hour, he opened the door of his cab,
walked out upon the running board for the
purpose alleged, and was injured as alleged.
There was also evidence to the effect that
about midway of the running board there
was an air pump extending from beneath
the board to a point several inches perhaps
above. On top of this air pump was an oil
cup an inch or so in depth and diameter,
used for the purpose of oiling the pump.
There was testimony that sometimes, in oil-
ing this pump, the fireman or other person
doing so would spill oil on the running

board; that oil might also get on the running board by oil from the cup overflowing; that oil also might get on the running board by insecure or improper packing around the top of the air pump. There was also evidence tending to show that it was the duty of the employés at the machine shops to clean the running board in event there was an accumulation of oil or dirt thereon. But there is no testimony from which it can be determined that at the time the engine was sent from Ardmore to Gainesville, and at the time it arrived in the repair shops at Gainesville, there was then either oil or dirt on the running board. It cannot, therefore, be said that appellant was guilty of negligence in any failure to clean the same at that point. There was testimony indicating that oil would not escape from the air pump, if it was in good order, within the time necessary to operate an engine from Gainesville to Ardmore. But no witness testified, and there is no testimony that will enable us to determine, whether the air pump was or was not properly packed and in good order, or, if out of order, when it became in that condition. It cannot, therefore, be said that appellant was guilty in this respect. If the oil upon the running board testified to by appellee escaped from the oil cup, the evidence does not indicate when this occurred. If the oil upon the running board was carelessly placed there by the fireman or other person in oiling the air pump, the evidence fails to show when or by whom this was done. So that it is wholly a matter of conjecture as to how or when the running board became greasy. Nor can it be said that the evidence indicates the extent or character of the accumulated oil and dirt, so that therefrom any inference can be indulged as to the length of time the board had been in that condition. For aught that appears to the contrary in the evidence, the oil may have appeared on the running board the morning of the accident, either when the fireman or other person placed the oil in the cup of the air pump, or on the way to or from the turntable.

[2] The law did not devolve upon appellant the absolute duty of furnishing a running board entirely free from grease or accumulated dirt. Its duty in this respect was to exercise ordinary care to furnish appellee a safe place to work, and in order to determine whether the appellant was guilty of negligence in permitting the presence of the oil or accumulated dirt upon the running board, as alleged, it must reasonably appear that it had been so placed there negligently by some person for whose negligence appellant was responsible, or that it had remained in the condition complained of under such circumstances and for such length of time as that appellant, or some one whose duty it was to remedy the trouble, had notice of its existence, and hence could

be charged with negligence in a failure to remove the dangerous substance. It is clear that the mere fact that the greasy substance was found to be upon the running board and occasioned the accident is not sufficient. St. L., S. F. & T. Ry. Co. v. Cason, 129 S. W. 394; T. & P. Ry. Co. v. Endsley, 103 Tex. 434, 129 S. W. 342.

[3] The further ground of negligence, arising out of the allegation that the engine was not so constructed as to permit an operation of the blow-off cock from the cab without going out upon the running board, is without support, for the reason that the evidence is wholly silent as to whether engines of such a make were or were not of entirely approved patterns, or whether, indeed, other engines of a different make existed.

We conclude, as assigned, that the verdict and judgment are not sustained by the evidence, and that the court below should have granted a new trial on this ground. Other assignments need not be noticed.

Judgment reversed, and cause remanded.