**DANNENBAUER v. MESSERER'S ESTATE.**

No. 4284.

Court of Civil Appeals of Texas. Texarkana.

June 2, 1933.

Rehearing Denied June 22, 1933.

Cunningham & Lipscomb, of Bonham, for
appellant.

Beauchamp & Lawrence, of Paris, and J. I. Warren, of Bonham, for appellee.

LEVY, Justice (after stating the case as above).

The will of date November 29, 1897, making disposition of the property to Margaret Dannenbauer should prevail and be admitted to probate, being conclusively proven to have been executed by the decedent with the formalities of law and while mentally capable of doing so, unless there has been established the existence of such undue influence as to avoid it, or the revocation by the execution of a subsequent will containing an express clause of revocation. It is concluded that the circumstances, when combined and considered, are not so strong as to reasonably satisfy of the existence or warrant the inference of the fact of such undue influence as to avoid the will of 1897. The evidence goes to the extent and force of showing that the elopement and marriage of the sister Mary caused the brother Fritz Messerer to become "angry" and "very much displeased" and occasioned "surprise to the whole family." There is, though, an absence of evidence, direct or circumstantial, showing any acts of appeals, practices, solicitations, or importunities on the part of Margaret Dannenbauer intensifying the grievance or influencing or controlling the mental operation of the testator, and producing in effect a disposition of property which the testator would not have made if left freely to act according to his own pleasure. There are not facts inconsistent with the hypothesis of the execution of the will by any other means than undue influence. The fact that the testator had a grievance against Mary Compton on account of her marriage would not invalidate the will unless it was engendered or intensified by appellant. Patterson v. Lamb, 21 Tex. Civ. App. 512, 52 S. W. 98; Barry v. Graciette (Tex. Civ. App.) 71 S. W. 309; Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441; Stolle v. Kanetzky (Tex. Civ. App.) 259 S. W. 657, 658; McElhinney v. Swepston (Tex. Civ. App.) 263 S. W. 940; 2 Alexander on Wills, § 585.

There is a finding by the jury that Fritz Messerer did make a will after 1897 expressly revoking the will offered for probate. The proof in this respect rests entirely in parol testimony, which was permissible; the later wills being shown to be lost. 28 R. C. L. § 386; 40 Cyc. p. 1290. After much consideration we have reached the conclusion that the appellate court would not be warranted in holding, as a matter of pure law, that the evidence as to the execution of the two wills mentioned is not of sufficiency and weight to sustain the findings of the jury. In this view the finding of the jury would control that there was a will executed in 1900 by Fritz Messerer containing a clause

expressly revoking all prior wills made by him. The will, as involved in the jury verdict, was signed by the testator and attested by two adult witnesses subscribing their names in his presence. The testator at the time of the execution of the will, was, as testified, "of sound mind." The requirements of the statute were all complied with and existed. Articles 8281, 8283, R. S. In legal effect the will of 1897 was revoked. Article 8285, R. S.; Brackenridge v. Roberts, 114 Tex. 418, 267 S. W. 244, 270 S. W. 1001. Assume, however, that it should be said the proof did not establish by the kind and measure of sufficient evidence required that the will of 1900 contained an express clause of revocation, or an inconsistent disposition of the testator's property, yet the will of 1919 would operate to revoke all former wills. The will of 1919, which was found by the jury to have been executed, was shown to have been executed in the formalities of the statute, and to contain an express clause of revocation.

It is urged by appellant that there was no finding of the jury that Fritz Messerer was in sound mind at the time the revoking wills were made, and that there is no evidence upon which the trial court could find that he was of sound mind. The witness Underwood testified that at the date of the execution of the will of 1900 Fritz Messerer "was of sound mind and he remained so as long as he lived, so far as I know." Mr. Underwood lived in the same town with Mr. Messerer until his death in 1927, and they had close business relations. The opportunity of personal knowledge of mental soundness was present, and the original mental condition stated was not shown to have ceased to exist before or at the time of the will of 1919. There was evidence from which the jury or the court could say that Mr. Messerer until his sickness in December, 1926, was capable of understanding and acting in the ordinary affairs of life. He was capable of managing his property. Proof of sanity and not of insanity was required.

It is true that the jury made no finding that Fritz Messerer was of sound mind at the date of the wills of 1900 and 1919. The effect of the ruling in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, is that of the waiver by the party entitled to it of an issue not submitted or requested to be submitted to the jury, and the trial court would not be authorized to find on the same. But that rule of waiver does not apply to a subsidiary issue or an omitted essential factual element making up the complete issue. Rose v. O'Keefe (Tex. Com. App.) 39 S.W.(2d) 877; Sun Oil Co. v. Robicheaux (Tex. Com. App.) 23 S.W.(2d) 713; Speer on Law of Special Issues, § 300, p. 415. In the case of Dallas Hotel Co. v. Davison (Tex. Civ. App.) 23 S.W.(2d) 708, 713, it is stated by Judge

Sharp that: "We think it is now the settled rule in this state that where special issues have been submitted to the jury and findings made thereon that the trial court, under the statutes and decisions, if the facts justified it, could find on such omitted issues as are in accord with, and supplemental or incidental to, and which support the issues of fact which were submitted and found by the jury and upon which the judgment is based; but we do not believe that the court would have authority to make findings upon independent grounds of recovery."

These supplementary findings may be imputed to the judge by reason of the judgment. Article 2190, R. S. It is believed the rule of waiver would not have application, and the factual element of sound mind of the testator may in this case be ·deemed to have been found by the trial court. In order to establish a legal will it is necessary to prove the concurrence of all the requirements made essential thereto under the statute, the signature of the testator, his soundness of mind, and attesting witnesses. The true question is, Has the will been executed under the formalities or requirements of the statute? The requirements mentioned are the factual elements of the question or issue. The omission of one of the factual·elements is but an imperfect submission of the complete issue.

█ The appellant offered to prove mutual wills executed by her and by her brother Fritz, and her will was not admitted in evidence. This evidence bore upon undue influence, and the error in not admitting the will is harmless, since we conclude that the issue of undue influence did not arise in the case.

We have considered the assignments of error complaining of the overruling of the application for continuance and of certain manner of argument by attorney for appellees, and conclude that in the circumstances they should be overruled. If an error in overruling continuance, it was cured by the reading of the evidence of the witness given on a former trial.

█ Error is predicated upon the refusal to set aside the verdict of the jury on account of the misconduct of the jury in its deliberation on the case. The acts of misconduct claimed by the appellant are, briefly stated, namely: (1) Discussing and considering statements of jurors that it was not right for all of the fortune to go to one member of the family;· (2) that one or more of the jurors stated that, if he ever made a will, he would give his property to all of his people alike; (3) discussing and considering a statement from one or more of the jurors that all the questions would have to be answered alike or in the affirmative or the verdict would not break the will; (4)

one or more of the jurors stated that Miss Lillian Knox, one of the witnesses, was a truthful character.

Undoubtedly the jury should answer each special issue as they find the facts to be, but it is believed the alleged misconduct on the part of the jury would not warrant reversal of the judgment. The evidence goes to show that the statements of the jurors mentioned above, except the fourth, all seem to bear upon issue 1 as to undue influence. They were mainly considering and discussing that issue at the time. Setting aside, as we do, the issue of undue influence, as without evidence to warrant it, the discussion of the jury is rendered harmless, and we think the case of Moore v. Ivey (Tex. Com. App.) 277 S. W. 106, and the cases following it would not govern and require reversal. The statement as to Miss Knox was merely the conclusion of the jurors. No juror, as appears, stated that he personally knew her.

The judgment is affirmed.