## TEXAS & PAC. RY. CO. v. HESTERLY.
### No. 12948.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 18, 1935.

Rehearing Denied March 1, 1935.

Cantey, Hamger & McMahon, of Fort Worth (T. D. Gresham, of Dallas, of counsel), for appellant.

Jones & Jones, of Marshall, and Raymond E. Buck, of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment for plaintiff for damages for injuries sustained by him as an employee of appellant.

Appellee was a district roadmaster having supervision of the upkeep of the appellant's track between Fort Worth and Dallas. On the morning of the accident, he, with a crew of section hands, was in a freight car being pushed ahead of the engine and at the front of a freight train as it left Fort Worth. As the train proceeded eastward, it stopped from time to time for the section crew to unload cross-ties, under the direction of appellee. The last were unloaded two miles west of the town of Handley and the train continued to the first switch east of Handley on which some freight cars were standing, where, in an effort to place the engine in front of the freight car in which appellant was riding, a "flying switch" was made. This involved propelling the freight car detached from the engine into the switch with some speed. The brakeman in charge of the car did not check its speed and appellee in an effort to save himself from being thrown down caught hold of the door jamb. The door slammed to at the impact with the standing cars and crushed appellee's hand.

■ Appellant complains that the evidence shows that appellee was in an unusual place to perform his duties and that he was there without the knowledge of the appellant. The pleadings allege that appellant's train operatives knew that he was in the car and that he was there in the discharge of his duties. The evidence shows by the engineer's testimony, as by plaintiff's, that he gave the signal to the engineer to move forward after each stop to unload the ties and that the engineer did not think he had seen the appellee leave the car; that it was the duty of appellee to inspect the tracks which lay where the car was traveling and that he was doing so; that his position in the freight car was the most advantageous for the discharge of that duty. We think the jury were justified in finding that the appellant should have realized that appellee was in the freight car as it prepared to make the flying switch.

■ The record does not bear out the forty-second assignment of error. Witness Coleman, the brakeman of appellee, testified as to the condition after the collision of what is called a king bolt or center pin, which was

a part of the connection between the east end of the freight car and the truck. The testimony may be understood by one familiar with the constructional detail of a freight car, but to us and to any ordinary juror it is wholly unintelligible 'as to any showing that it had any bearing on the brakes. Even so, we fail to see how it could prejudice appellant. If it was of the nature contended by appellant, it explained why the speed of the car was so great, which later was pleaded as a ground of negligence. The entire train crew was present at the trial and available to testify and no surprise at such testimony is shown.

The first issue is whether plaintiff was in the actual discharge of his duties for the master in riding in the box car immediately before and at the time of the accident. Appellant complains by various exceptions and special issues that the jury should be specially asked whether he was in the discharge of his duties at the time he was injured. This is entirely too restrictive. He was undoubtedly trying at the time of his injuries to escape being hurt by the impending danger in which the negligence of the master had placed him. He was not then inspecting the track. But the master may not complain, since it was the master's negligence that turned him to the effort to preserve his own life. Likewise, there is evidence cited which, it is claimed, justifies the particularizing of the issue of negligence in being in the car at the switching operation. The danger resulted not from the switching but from the manner in which it was done. No evidence is cited to show that appellee should have anticipated any danger merely from the switching. It is undisputed that appellee had the right to ride on any car of any train on the division in the discharge of his duties. The issue was specifically submitted whether appellee was guilty of negligence in being in the car at the time of the collision and the jury answered, "No."

Complaint is made of the refusal of the trial court to submit whether the train operators should have expected the appellee to remain in the car. Such a finding would be only evidentiary and would not present any ultimate issue. Moreover, even if the appellee, this being an interstate train, assumed the risks of an ordinary switching operation, he did not assume the risks of the negligence of the master in such switching, which the jury have found existed on this occasion.

We have examined all assignments of error and all are overruled. The judgment of the trial court is affirmed.