## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LAWRENCE.

### No. 4809.

Court of Civil Appeals of Texas. Texarkana.
Feb. 13, 1936.

Thos. W. Thompson, of Greenville, and Ramey, Calhoun & Marsh, of Tyler, for appellant.

Hamilton, Hamilton & Turner, of Dallas, and Clark, Harrell & Clark, of Greenville, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellee, John R. Lawrence, against appellant, St. Louis Southwestern Railway Company of Texas, to recover damages for personal injuries sustained by appellee as the result of alleged negligence of appellant. Plaintiff alleged that he was an employee of the defendant in the capacity of brakeman on its freight and passenger trains in the state of Texas. That defendant had furnished plaintiff transportation from Commerce to Fort Worth and return, for the purpose of taking an examination required in his employment. That while returning from Fort Worth to Commerce on one of defendant's freight trains in the early morning of May 5, 1933, it became necessary for plaintiff to get off the train when it stopped at Greenville; that he undertook to reboard the caboose of the train by way of its front steps on the right-hand side of the caboose; that one of the steps was in a defective condition, permitting it to sag or give down under the weight of his foot, thus causing plaintiff to lose his balance and fall over the front end of the moving caboose; that a wheel of the caboose passed over his left hand and crushed it to such an extent as required amputation of the middle portion of the hand, including all the fingers except the little finger and the thumb.

"That plaintiff was caused to fall from said caboose on account of the defective condition of the step of said caboose as aforesaid and that defendant had failed to use ordinary care to keep its said steps in a reasonably safe condition and that on account of such negligence plaintiff was caused to fall and receive the injuries herein alleged."

Defendant answered by general demurrer and general denial, and specially alleged that plaintiff was guilty of contributory negligence in various ways set out in the answer. The case was tried to a jury. In answer to special issues submitted, the jury found:

(1) That, at the time the injury was sustained by plaintiff, one of the steps on defendant's caboose was in a defective condition.

(2) That the defendant, in permitting said steps to be in a defective condition at such time, was guilty of negligence.

(3) That the defective condition of the step was the proximate cause of the injury to plaintiff's hand.

(4) That the plaintiff was not guilty of contributory negligence in any of the respects inquired about in the several special issues submitted, referable thereto.

The jury assessed plaintiff's damages at $3,750. From an order overruling its motion for new trial, defendant has appealed.

Appellant's first two propositions charge that the judgment in favor of appellee was unauthorized, because of the absence, it is contended, of (1) pleadings; (2) evidence; (3) and a jury finding, "That the defendant knew of such defective condition (of the caboose step), or that such defective condition of said step had existed for such period of time as that in the exercise of ordinary care defendant should have known thereof."

That appellant could not be guilty of negligence with respect to the defective condition of its caboose step if it had no knowledge, either actual or constructive, of such

condition is not disputed. And that the burden was upon appellee to show that the defendant actually knew, or by the exercise of ordinary care could have known, of the defective condition of its caboose step—a necessary predicate to the ultimate fact of negligence on the part of appellant. The proposition presents the question: Are the pleadings, evidence, and verdict of the jury, respectively, sufficient to cover and include this essential fact element of plaintiff's case?

■ The petition did not specifically and in express terms allege that defendant knew, or by exercise of ordinary care could have known, of the defective condition of the step, it alleged negligence in general terms on the part of appellant with respect thereto. In the absence of a special exception, the petition alleging negligence in general terms was sufficient to admit proof that appellant knew, or by exercise of reasonable care could have known, of the defective condition of the step. Texas Traction Co. v. Hanson (Tex.Civ.App.) 143 S.W. 214; Metzger v. Gambill (Tex.Civ.App.) 37 S.W. (2d) 1077, and authorities there cited.

■ The evidence showed that the defective condition of the caboose step was of such nature, extent, and duration as would authorize a finding that appellant knew or by exercise of ordinary care could have known of such condition. The testimony bearing on this point is to the effect that the caboose is an old one; that the step in question is made of plank and was in a decayed condition; that originally the plank had been bolted down to the framework on which it rested with four bolts, one in each corner of the plank; that the holes through which the bolts were placed had decayed, and had worn from around the bolts; that the left inside corner of the step, next to the body of the caboose, had rotted off past the bolt and that the bolt was gone; that the bolt in the left outside corner of the step had dropped down through the hole in the plank and was dangling in the framework, permitting the plank step at the left end to "fly up and down." It was this step that plaintiff testified "gave down" or "went down" when he stepped on it in boarding the moving train, and that it caused him to lose his balance and fall over the front end of the caboose. It is shown that this defective condition of the step was apparent from an examination. Appellant had an inspector for such purpose, but it is not shown that this caboose or this step had ever been inspected prior to the injury. It is evident that the condition was of long standing, and as the result of decay and wear. The evidence is sufficient to impute notice to appellant of the defective condition of the step. Gulf, C. & S. F. R. Co. v. Blackmon (Tex.Civ.App.) 56 S.W.(2d) 199; Wichita Valley R. Co. v. Helms (Tex.Civ. App.) 261 S.W. 225; Gulf, C. & S. F. R. Co. v. Davis (Tex.Civ.App.) 161 S.W. 932; Fort Worth & D. C. R. Co. v. Morrow (Tex. Civ.App.) 235 S.W. 664; Gulf, C. & S. F. R. Co. v. Riordan (Tex.Civ.App.) 146 S.W. 711; St. Louis, S. F. & T. R. Co. v. Cason, 59 Tex.Civ.App. 323, 129 S.W. 394; Texas & P. R. Co. v. Endsley, 103 Tex. 434, 129 S.W. 342; Gulf, C. & S. F. Ry. Co. v. Kizziah, 86 Tex. 81, 23 S.W. 578, 581; Houston & T. C. R. Co. v. Barrager (Tex.Sup.) 14 S.W. 242; Missouri, K. & T. Ry. Co. v. Thompson, 11 Tex.Civ.App. 658, 33 S.W. 718; Texarkana & Ft. S. R. Co. v. La Velle (Tex.Civ.App.) 247 S.W. 617; Id. (Tex.Civ.App.) 260 S.W. 248.

■ As to the sufficiency of the verdict in the respect under consideration, it will be noted that in answer to issues submitted the jury found that the step in question was defective, that the defendant was negligent in permitting the step to be in a defective condition, and such negligence was the proximate cause of plaintiff's injury. These were the ultimate fact issues. Whether or not defendant knew of the defective condition of the step, or whether or not by the exercise of ordinary care it could have known of such defective condition of the step, were only evidentiary fact issues, subsidiary to the ultimate issue of whether defendant was guilty of negligence in permitting the step to be in a defective condition. That the defendant knew, or by exercise of ordinary care could have known, of the defective condition of the step is embraced within the jury's verdict in response to the general and ultimate issue of negligence. Where controverted in the evidence and upon proper request, the defendant is held to be entitled to have such evidentiary fact issues specifically submitted. Fort Worth & D. C. Ry. Co. v. Morrow (Tex.Civ.App.) 235 S.W. 664. But, as here, in the absence of an objection to the charge, or any request for a special charge, judgment entered upon the ultimate fact issue of negligence found by the jury is not erroneous for want of an express specific finding that defendant knew or by exercise of ordinary care could have known of the

defective condition of the step. Article 2190 R.S. as amended by Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190); Dannenbauer v. Messerer's Estate (Tex.Civ. App.) 62 S.W.(2d) 235; Galveston, H. & S. A. R. Co. v. Mallott (Tex.Civ.App.) 6 S.W.(2d) 432, 437; Missouri, K. & T. Ry. Co. v. Parker, 20 Tex.Civ.App. 470, 49 S.W. 717, 50 S.W. 606; Texas & P. R. Co. v. Hesterly (Tex.Civ.App.) 79 S.W. (2d) 909; American Ry. Express Co. v. Home Star Produce Co. (Tex.Civ.App.) 276 S.W. 790; Anderson Bros. v. Parker Construction Co. (Tex.Civ.App.) 254 S. W. 642–645; article 6439, R.S.

Appellant's third proposition complains of the action of the trial court in refusing to submit to the jury the issue of unavoidable accident. The question presented for determination is, whether or not there is evidence raising the issue of unavoidable accident.

The pertinent testimony relied upon by appellant as sustaining its contention that the issue of unavoidable accident is raised, briefly stated, is as follows: The plaintiff testified that when he stepped on the step in question it "gave down," causing him to lose his balance and fall over the front end of the caboose. Appellant's witness O'Neal testified that he was the conductor in charge of the freight train from which appellee fell, and that he stopped the train immediately after plaintiff was injured.

"Q. What happened after you stopped the train? A. Well, I ran to him (plaintiff) and he tole me—I asked him how he got his hand cut, and he said, 'I either slipped, or something is the matter with that step on that caboose,' and he took me up there and we looked at the step."

This witness further testified to the effect that the step was loose and could be raised up and down slightly at the left end; that the bolts at the right end were intact; that there was an upright plank at each end and at the back of the step, by reason of which it could not be moved in any direction other than slightly up and down at the left end.

Defendant's witness Martin testified:

"Q. Can you tell any way it could move? A. No way, only up, the end that was loose, up and down; that is the only way it could move.

"Q. If let alone, would it stay up? A. No, it stayed down.

"Q. What would happen to it if he was to raise it up that inch, or whatever it was it could be raised, then turn loose; 'what would happen to it? A. Come back down. * * *

"Q. If it moved when he stepped on it, then it was bound to have been up, wasn't it? A. No, sir.

"Q. Well, you say it couldn't move when it was down? A. The only way it could move was up; it stayed down.

"Q. You don't know whether it stayed down before he stepped on it or not? A. Yes, because I have been on that caboose two or three months. * * *

"Q. Now you told Mr. Calhoun that it was in proper position; what do you mean by 'proper position'? A. What I mean by proper position is the step was setting down where it belonged."

Defendant's witness Thomas testified:

"Q. Did you use the steps the night before? A. Yes, sir.

"Q. Did you notice any defect at all? A. No, sir.

"Q. Mr. Thomas, just state whether or not you found the step in its proper position. A. Yes, sir.

"Q. If you raise it up like you say you could, for approximately an inch and let it go, where would it go? A. To its proper position."

The defendant's witness Turner testified as follows:

"Q. How far could it be raised upward? A. Well, I imagine something like a half or three quarters.

"Q. Of what? A. Of an inch. * * *

"Q. Now, Mr. Turner, I will ask you whether or not the step was in its proper position when you first looked at it? A. Exactly.

"Q. If you raise it that half or quarter of an inch, or whatever it was, then released it, what would become of it? A. It would fall in proper position. * * *

"Q. What was the only movement it had? A. Just up and down, slightly on the left-hand end."

The effect of this testimony, if believed by the jury, is that the plank step was only slightly loose at the left end, and that it so fitted in and lay upon its framework that it could only be moved with the hands slightly up and down on the left end; that when raised up with the hand and turned loose, it would fall back on the framework on which it rested, and that it had no other movement, that is to say, that when the left end of the step was not held up by the hand, it

rested solid on its foundation, and therefore could not have had a downward movement, and never "gave down" when stepped upon by plaintiff as he testified. If this testimony is true, the defective condition of the step had nothing to do with plaintiff's fall, and therefore defendant's negligence in permitting the step to be in a defective condition could not have caused plaintiff's injury. In such circumstances this testimony tends to prove that appellee's fall was caused by his foot accidentally slipping on the step, not as the result of the defective condition of the step. It is true, as contended by appellee, that this testimony negatives his testimony as to how the accident happened, and in this respect is defective as to the issue of negligence on the part of defendant, but it goes further than to deny plaintiff's theory of how the accident happened and raises an issue on an independent theory, namely; that plaintiff slipped and fell as the result of an accident not caused by the defective condition of the step, and therefore not the result of negligence of either party. As a defensive theory, the defendant was entitled to have the jury pass upon this issue, notwithstanding the fact that the jury found that plaintiff's injuries were caused by the defendant's negligence in permitting the step to be in a defective condition. Such affirmative finding of negligence does not excuse the failure and refusal to submit the defensive issue of unavoidable accident when raised by the evidence and requested by the defendant. Colorado & S. Ry. Co. v. Rowe (Tex.Com.App.) 238 S.W. 908; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S.W. 534; American Glycerin Co. v. Kenridge Oil Co. (Tex.Civ.App.) 295 S.W. 633; Dallas Ry. & Terminal Co. v. Allen (Tex.Civ.App.) 43 S.W.(2d) 165; Texas & P. R. Co. v. Edwards (Tex. Com.App.) 36 S.W.(2d) 477; Dallas Ry. & Terminal Co. v. Garrison (Tex.Com.App.) 45 S.W.(2d) 183; Greer v. Thaman (Tex. Com.App.) 55 S.W.(2d) 519.

■ Appellant alleged that appellee was guilty of contributory negligence in attempting to board the front end of the caboose (instead of the back end), alleging that appellant's rules instructed its employees to board the caboose from the back end and not the front end. In submitting this issue, the court asked the jury the following question: "Question 18: Do you find from a preponderance of the evidence that the plaintiff failed to use ordinary care in attempting to board the front end of defendant's caboose while said train was in motion?" Appellant objected to the issue as framed on the ground that it referred to the manner of appellee's boarding the caboose from the front end rather than to inquire of the jury whether or not the act of attempting to board the train at the front end was negligence. Appellant requested the court to submit the following issue to the jury in lieu of No. 18 as formed by the court: "Do you find from the preponderance of the evidence that the act of plaintiff in attempting to board the front end of defendant's caboose while the train was in motion was negligence?" If the pleadings and evidence are the same upon another trial, it is suggested that the court submit the issue, in language inquiring of the jury whether or not the act of plaintiff in attempting to board the front end of defendant's caboose was negligence. Psimenos v. Huntley (Tex.Civ.App.) 47 S.W.(2d) 622; St. Louis, S. F. & T. R. Co. v. Allen (Tex. Com.App.) 278 S.W. 186; St. Louis, S. F. & T. R. Co. v. Kaylor (Tex.Com.App.) 291 S.W. 216; St. Louis, S. F. & T. R. Co. v. Wilson (Tex.Com.App.) 279 S.W. 808.

Appellant's remaining assignments 11 to 18, inclusive, complain that the argument of appellee's counsel to the jury was inflammatory and prejudicial, and that the jury was guilty of misconduct. The argument and alleged misconduct may not occur upon another trial, and our discussion of these assignments at this time would be of no service.

The judgment of the trial court is reversed, and the cause remanded.